155 So.2d 365 (1963)
Reginald Owen DAVIS, Petitioner,
v.
J.B. SHIAPPACOSSEE, Respondent.
No. 32277.
Supreme Court of Florida.
July 17, 1963.
*366 Gibbons, Gibbons, Tucker & Cofer, Wm. Earle Tucker, Sam M. Gibbons and David C. Holloman, Tampa, for petitioner.
Frank Ragano, Tampa, for respondent.
THOMAS, Justice.
The judge of the Thirteenth Judicial Circuit dismissed the petitioner's complaint and when the District Court of Appeal, Second District, affirmed the judgment, petitioner applied here for certiorari claiming the decision of the appellate court was in disharmony with the one of this court in Tamiami Gun Shop v. Klein reported in Fla., 116 So.2d at page 421. We thought the position had worth so we set the matter for hearing on jurisdiction and merits.
The petitioner had sued the respondent for damages resulting from the death of his son, Darrell Reginald Davis, a lad 16 years of age, which occurred in circumstances we will now detail.
At all times relevant to this episode the respondent operated the Estuary Bar where intoxicating liquors and beer were dispensed under supervision of the Beverage Commission of Florida. In the conduct of the business, orders were received from persons in cars parked on the premises and were filled by delivery to the customers while occupying their cars. One of respondent's employees was Robert Farmer who among other tasks about the place, took and filled the orders of these curbstone customers.
At 8:30 one night in January 1960 the minor son accompanied by two friends, 17 and 18 years old, respectively, went to the Estuary Bar to purchase beverages. They were met there by Farmer who, without inquiring about their ages, delivered to them for a price one case of beer containing 24 cans and one-half pint of whiskey. The boys proceeded to a drive-in theatre and then drove to a park near a school. During these visits they drank the whiskey and 14 cans of the beer. As a consequence the petitioner's son and his younger companion became nauseated. When they recovered to some extent they went to the home of the older companion and left him there. Afterward as petitioner's son, still under the influence of liquor, according to the allegations of the complaint, was driving along the road at the rate of 55 miles an hour, accompanied by the remaining companion, he lost control of the car, struck an oak tree and turned over. Within six hours of the purchase of the alcohol petitioner's son was dead from the injuries received when the car was wrecked.
The petitioner contended in the District Court of Appeal that the respondent through his agent, Farmer, violated Sec. 562.11, Florida Statutes, F.S.A., making it unlawful to sell alcoholic beverages to a minor under penalty of imprisonment in jail or fine, and that so to violate the law should be held negligence per se. In response to the assertion the respondent insisted that the proximate cause of the death was not the sale of the beverages and that the fatal crash was not a reasonably foreseeable event.
The District Court of Appeal citing our opinion in Cone v. Inter County Tel. & Tel. Co., Fla., 40 So.2d 148, concluded that the automobile mishap and the death were not reasonably expected or probable results of *367 the illegal sale. The court, obviously undertaking to follow faithfully the rule established in that case that "[i]t is only when an injury to a person [himself faultless] has resulted directly and in ordinary natural sequence from a negligent act" without an intervening independent cause, or "is such as ordinarily and naturally should have been regarded as a probable" as distinguished from a "possible" result that the injured person can recover, ruled in defendant-respondent's favor.
The court classified the contingencies in the present case as too remote hence only possible, not probable, results.
The court observed that generally, in the absence of statute, a seller of liquor is not responsible for injury to the person who drinks it. It is true that such a "Dram Shop Act" has not been enacted in Florida.
We feel that just here we must depart from the reasoning of the able judges who determined the controversy in the District Court of Appeal although their logic along the trail from the cited case in the absence of a Dram Shop Act appears impeccable.
We start with the statute that makes it a crime to sell intoxicants to a minor doubtless to preclude the harm that can come to one of immaturity by imbibing such liquors. In the instant case the dealer's agent made no effort to determine whether or not the sale was being made in violation of the law. From their ages it must have been apparent to anyone who bothered to look that the purchasers were but boys. It could have been ascertained by a bit of questioning that they were immature. And, importantly, they were seated in a dangerous instrumentality when the transaction occurred; in a dangerous instrumentality they departed under the drivership of a 16-year old. It seems to us that these cogent circumstances could and should convert the word "possible" in the rule to "probable"; that the very atmosphere surrounding the sale should make foreseeable to any person, such as Farmer, with the intelligence to represent the respondent and treat with his customers, that trouble for someone was in the offing.
For a moment the lack of a "Dram Shop Act" or "Civil Damage Act" gave us concern as it did the District Court of Appeal, but any apprehension in this respect is dispelled as we are brought to our decision in Tamiami Gun Shop v. Klein, supra, which prompted us to set the immediate cause for hearing on jurisdiction as well as merits.
The salient facts in that case may be briefly stated. An action was instituted to recover from a dealer in firearms damages for injury to a minor to whom the merchant had sold a Winchester rifle. At the time of the transaction the dealer inquired about the age of the customer and was told he had reached eighteen years. As the boy purchaser was riding home from target practice with some companions the car struck a depression in the road, the gun discharged and blew off his thumb.
The claim for damages against the seller was based on the theory that the sale to a known minor was negligence per se inasmuch as it violated a city ordinance denouncing the sale of weapons to certain minors, as well as Sec. 790.18, Florida Statutes, F.S.A., condemning the sale of repeating rifles to any minor under pain of fine or imprisonment in the county jail.
In that case we approved the decision of the District Court of Appeal, Third District, which had affirmed the judgment of the Circuit Court holding that such a sale in violation of the law was negligence per se and that summary judgment for the plaintiffs on the issue of liability should be entered. Tamiami Gun Shop v. Klein, Fla. App., 109 So.2d 189. The eventual judgment for the father and son in substantial amounts was affirmed.
We consider the basic facts in the two cases, the cited case and this one, so similar as to require a like ruling. We, therefore, determine that the dissimilarity of the decisions in Tamiami Gun Shop v. Klein, *368 supra, and in the instant case justified our assuming jurisdiction and that the decision of this court in the cited case should prevail.
We are puzzled by the failure of available records to show that the Tamiami Gun Shop case was cited to or considered by the District Court of Appeal in the immediate litigation. It was not mentioned in the petition for rehearing filed in the district court by the appellant who is petitioner for certiorari here.
The judgment of the District of Court of Appeal is quashed with directions to require the Circuit Court to reinstate the cause.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.
ROBERTS, J., dissents.