201 So.2d 780 (1967)
C.B. PREVATT, Appellant,
v.
Harry McCLENNAN, Appellee.
No. 67-102.
District Court of Appeal of Florida. Second District.
July 28, 1967.
Rehearing Denied September 11, 1967.
J.A. McClain, Jr., of McClain, Turbiville & Davis, and Francisco A. Rodriguez, Tampa, for appellant.
Edward J. Hunter, Tampa, for appellee.
SILVERTOOTH, LYNN N., Associate Judge.
This is an appeal by the Defendant below from an adverse judgment of a jury in a personal injury action.
The facts are that Plaintiff was injured by a gun shot during a fight between two other patrons in Defendant's tavern.
On June 14, 1964, Plaintiff went to Defendant's tavern at about 11:15 P.M., and after he was there about five minutes he observed two persons quarreling at two tables behind him. Shortly thereafter these two left the tavern, but returned in about fifteen minutes. A short time later the quarreling began again and they began throwing beer bottles. Following this Timmons, *781 one of the two, drew a pistol and began shooting at Moore who ran. Plaintiff was struck in the back by one of the bullets when Moore attempted to use Plaintiff as a shield.
The testimony was conflicting as to whether Moore or Timmons had several beers or liquor in Defendant's tavern, but the witness Amaro testified he saw both Moore and Timmons with a beer, and if the evidence be taken at face value, we may reasonably conclude that these two who were in the tavern and started the fight were not there drinking water.
Physically, the bar consists of three large rooms and a package store. The establishment could seat several hundred people, the tavern is operated at night by five waitresses, and the one man who manages the package store. No persons were stationed in the various rooms to preserve order. On some occasions they serve as many as 1,000 people in a night.
The two, namely, Moore and Timmons, who caused the trouble were minors.
During the time that Timmons and Moore were inside and outside the tavern, they were argumentative and unruly.
During the arguments or shooting, no one sought to control the problem.
The record shows that the participants in the shooting had been cursing, drinking and generally disorderly.
Here, the statute forbidding the sale of liquor to minors was violated, and constitutes negligence per se; the statute that makes it a crime to sell intoxicants to minors was doubtless passed to prevent the harm that can come or be caused by one of immaturity by imbibing such liquors. The very atmosphere surrounding the sale should make it foreseeable to any person that trouble for someone was in the making.
The proximate cause of the injury is the sale rather than the consumption.
Davis v. Shiappacossee, infra, is but one of a number of recent cases holding that in the absence of a Dram Shop Act, a liquor vendor may be liable for consequential results of illegal sales.
The cases of Davis v. Shiappacossee, Fla., 155 So.2d 365, and Tamiami Gun Shop v. Klein, Fla.App., 109 So.2d 189, set the law on this in Florida.
The lower court is affirmed.
LILES, C.J., and SHANNON, J., concur.