352 So.2d 542 (1977)
Glenn K. BRYANT, a Minor, by and through His Father and Next Friend, Leroy Bryant, and Leroy Bryant, Individually, Appellants,
v.
JAX LIQUORS, a Corporation, and Travelers Insurance Company, a Corporation, Appellees.
No. DD-473.
District Court of Appeal of Florida, First District.
November 23, 1977.
Rehearing Denied December 22, 1977.
*543 William M. Howell of Howell, Howell, Liles & Braddock, Jacksonville, for appellants.
H. Franklin Perritt, Jr. of Marks, Gray, Conroy & Gibbs and Walter G. Arnold, Jacksonville, for appellees.
RAWLS, Judge.
Bryant (appellants-plaintiffs) appeals a final judgment granting Jax Liquors' (appellees-defendants) motion to dismiss their amended complaint.
The issue posed for our resolution is whether or not the amended complaint states a cause of action when it alleges that Jax Liquors violated a statute that was designed to protect a certain class of persons from injury; that Bryant was a member of that class and the injuries sustained by him were the proximate result of such statutory violation.
Material allegations of Bryant's amended complaint are: Jax Liquors sold a case of rum to two members of a high school club who were under 18 years of age; the rum was purchased to be used in an initiation ceremony, wherein Bryant and other minors were required to consume, or pressured into consuming, large quantities of the rum; Bryant became intoxicated to the extent he was "caused to fall, jump or dive, or was pushed or shoved by others of the intoxicated minor initiates, so that he sustained severe *544 injuries resulting in a permanent paralysis from the neck down."
Section 562.11, Florida Statutes, which makes it a crime to sell intoxicating liquors to a minor, was passed to prevent the harm that can be caused by one of immaturity imbibing such liquors. Violation of the statute by a vendor constitutes negligence per se. Prevatt v. McClennan, 201 So.2d 780 (Fla. 2nd DCA 1967). However, the fact of negligence per se resulting from a violation of the subject statute does not mean that there is actionable negligence. A plaintiff must allege: 1) that he is of a class the statute was intended to protect; 2) that he suffered injury of the type the statute was designed to prevent; and 3) that violation of the statute was the proximate cause of the injury, deJesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973).
Negligence per se does not constitute strict liability. Placing into the flow of commerce alcoholic beverages, by selling same to a minor, does not render the vendor strictly liable for every ensuing act that intervenes between the sale and the consumption of same. Liability must in every instance be determined by the circumstances. Williams v. Youngblood, 152 So.2d 530 (Fla. 1st DCA 1963). Foreseeability and proximate cause are essential principles of negligence actions that must be alleged. "Probable cause" is not "possible cause". "Foreseeable" is not "what might possibly occur". Unlike the facts appearing in Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), the subject amended complaint fails to allege circumstances which could convert the word possible in the rule to probable. In point is Rio v. Minton, 291 So.2d 214 (Fla. 2nd DCA 1974), which held that, under the circumstances alleged, the occurrence of an accident must be probable rather than possible.
The amended complaint first alleges the sale of a case of rum to two minors. It does not, as in Davis, supra, allege that the sale was made to the party who was injured, that "from their ages that it must have been apparent to anyone who bothered to look that the purchasers were boys". Further, Davis emphasized that the "boys" were driving a dangerous instrumentality at the time that the purchase of intoxicating beverages was made. In Davis, the death of the plaintiff minor resulted from his driving this instrumentality in an intoxicated condition, and "these cogent circumstances could and should convert the word `possible' in the rule to probable." The instant amended complaint alleges that the injured minor, who did not participate in the purchase of the subject rum, at some remote time after the purchase, was caused and required to consume or pressured to consume large quantities of rum. As stated in the landmark case of Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960): "... to constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the injury would not have occurred."
Finally, we apply the "but for" test to the allegation that the minor plaintiff, while participating in a high school club's initiation ceremony, in which 20 new members were being inducted, "was caused to fall, jump or dive, or was pushed or shoved by others of the intoxicated minor initiates". Can it be said that the vendor of a case of rum sold to minors, not otherwise described, is charged with notice that a probable consequence of such sale is that at some remote time one of many other minors will be compelled to partake of the rum until he becomes intoxicated and ultimately suffers an injury from the independent affirmative acts of other minors? Possible? Yes. Probable? No.
AFFIRMED.
McCORD, C.J., and SMITH, J., concur.