382 So.2d 423 (1980)
Terry J. STANAGE, etc., et al., Appellants,
v.
Wayne D. BILBO, Etc., et al., Appellees.
No. 79-789/T2-29.
District Court of Appeal of Florida, Fifth District.
April 9, 1980.
Kenneth R. Cate, of Maher, Overchuck & Langa, Orlando, for appellants.
Bob Williams and David E. Cauthen, of Cauthen, Robuck, Cyrus & Hennings, Tavares, for appellees.
ORFINGER, Judge.
This appeal questions the propriety of the summary final judgment entered by the trial court in favor of appellees, defendants below.
The undisputed facts before the trial court reveal that a thirteen year-old girl purchased two six packs of beer from defendant while her two teenage male companions waited in a pick-up truck around the back of defendant's building where they had parked so they would not be seen. The three teenagers then drove out to nearby *424 lime pits to camp, and there the boys, one of whom was the minor plaintiff, each consumed several of the beers. The truck was driven by the other boy who had a sawed-off shotgun hidden behind the seat, and who removed the shotgun for protection while they hunted firewood. Upon return to the campsite the youth holding the shotgun stumbled because of his unsteadiness caused by drinking beer and the shotgun discharged, injuring the plaintiff.
The plaintiff's cause of action was based on the violation of law by defendant in selling beer to the 13 year-old girl contrary to Section 562.11, Florida Statutes (1975). He argues that this breach is negligence per se and entitles him to damages because his injury would not have occurred but for this violation. We conclude that the trial judge was correct in granting the summary judgment.
The fact of negligence per se resulting from a violation of a statute does not mean that there is actionable negligence. Among other things it must be shown that the violation of the statute was a proximate cause of the injury. de Jesus v. Seaboard Coast Line Railroad Company, 281 So.2d 198 (Fla. 1973).
We adopt the view and conclusions expressed in Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), in a factual situation quite analagous to this one, wherein the court stated:
Negligence per se does not constitute strict liability. Placing into the flow of commerce alcoholic beverages, by selling same to a minor, does not render the vendor strictly liable for every ensuing act that intervenes between the sale and the consumption of same. Liability must in every instance be determined by the circumstances. Williams v. Youngblood, 152 So.2d 530 (Fla. 1st DCA 1963). Foreseeability and proximate cause are essential principles of negligence actions that must be alleged. "Probable cause" is not "possible cause". "Foreseeable" is not "what might possibly occur".
Because probable cause and foreseeability are clearly not present here, we find no error in the entry of summary judgment for defendant. The judgment of the trial court is therefore
AFFIRMED.
COBB and SHARP, JJ., concur.