401 So.2d 922 (1981)
Timothy J. BURSON, Appellant,
v.
GATE PETROLEUM COMPANY, et al., Appellees.
No. 80-708.
District Court of Appeal of Florida, Fifth District.
July 29, 1981.
Steven A. Werber of Commander Legler, Werber & Dawes, P.A., Jacksonville, for appellant.
James O. Driscoll of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellees Gate Petroleum and Aetna.
*923 COWART, Judge.
Brian Evans, 17 years old, driving his father's truck, with Michael Mott, a 16 year old friend, as passenger, bound for Daytona Beach from DeLand, stopped at a store owned and operated by Gate Petroleum Company, d/b/a Gate Fast Food Store. Mott entered the store, purchased two quarts of beer without being asked for proof of age, returned to the truck and gave Evans one of the quarts. The two minors consumed the beer before reaching Daytona Beach where Evans, driving the truck on the beach, ran over and injured the appellant, Timothy J. Burson, who sued Gate and Gate's insurer, Aetna Insurer Company, on the theory that Gate, in making the beer sale to Mott, violated section 562.11, Florida Statutes (1979), which violation constituted negligence per se. The trial court granted a motion for summary judgment in favor of Gate and Aetna on the basis that Gate's violation of the statute, as a matter of law, did not constitute a legal or proximate cause of Burson's injuries, from which ruling Burson appeals. We affirm.
Appellant relies heavily on Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963). In that case, Davis, 16 years of age, was apparently driving a vehicle with two other minors as passengers when they stopped at the Estuary Bar where an employee, without inquiring about their ages (in violation of this statute) "delivered to them" a case of 24 cans of beer and one-half pint of whisky. After consuming the alcoholic beverages and after several other unrelated events, Davis lost control of his vehicle and was killed in the resulting wreck. The supreme court, analogizing to Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959), held the owner of the bar responsible for Davis' death. The court said the purpose of this statute was "to preclude the harm that can come to one of immaturity by imbibing such liquors" and reasoned that when delivering alcoholic beverages to immature boys seated in a motor vehicle it should have been foreseeable (should have been regarded as "probable") "that trouble for someone was in the offing." 155 So.2d at 367.
Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), applied and extended Davis to allow recovery by a third party injured as the result of actions of minors who had consumed alcoholic beverages sold in violation of this statute.
However, negligence per se resulting from a violation of this statute does not always mean actionable negligence. In addition to showing a violation of the statute, (1) the plaintiff must be a member of the class the statute was intended to protect, (2) must have suffered the type of injury the statute was designed to prevent, and (3) the violation of the statute must be the proximate cause of the injury. In Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978), two minor members of a high school club purchased a case of rum in violation of this statute, which rum was used in an initiation ceremony wherein Bryant and others were required to consume large quantities of the rum. Bryant was injured when he, intoxicated, was "caused to fall, jump or dive, or was pushed or shoved by others of the intoxicated minor initiates." Id. at 543. The court noted that, unlike Davis, the injuries to Bryant, who did not participate in the purchase, were remote in time and place from the illegal purchase and were not of the type foreseeable at the time of the sale and held that the complaint failed to state a cause of action because of the lack of foreseeability and probable cause. This court followed Bryant in Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980), where a 13 year old girl purchased beer from the defendant while her two teenage male companions waited in a pickup truck behind the defendant's store so they would not be seen. Later after consumption of some of the beer in a remote area one of the minor boys mishandled a firearm injuring the other. Summary judgment for the beer seller was upheld because the violation of the statute was not a proximate cause of the injury.
In this case, while the second amended complaint does allege that Evans was on a joint venture with Mott when *924 Evans drove a motor vehicle to Gate Fast Food Store where Gate's employee sold intoxicating beverages to Mott in violation of this statute, the complaint is careful to not allege that Gate's employee knew that Mott was on a joint venture with Evans, that he knew facts from which he should have reasonably inferred that Mott was going to share the beer with Evans, that he knew that Mott was riding in a motor vehicle operated by Evans, or that he knew or should have ascertained that Evans was a minor.
In Davis, the minor to whom the alcoholic beverage was sold in violation of this statute and whom the seller could see was operating a motor vehicle, consumed the beverage and was killed as a result of his mismanagement of the vehicle resulting from his impaired condition. In Prevatt, the two minors who illegally sold beer consumed the intoxicating beverages on the seller's premises and started shooting, causing the third party's injuries. In contrast, the minors, in Bryant, to whom the rum was illegally sold, were not alleged to have consumed the alcoholic beverage, nor were facts alleged indicating that the seller had reason to believe that the rum was going to be consumed by Bryant or others, whose impairment of faculties resulting from consumption of alcoholic beverages caused Bryant's injuries. Likewise, in Stanage there was no showing that the injuries resulted from the consumption by the purchasing minor of the illegally sold beer nor were facts alleged from which it could be said that the seller should have foreseen that the beer was likely to be consumed by the minors whose impaired condition might have caused the injuries in question. Similarly, in the instant case, Mott's impaired ability to operate a motor vehicle resulting from consumption of alcoholic beverages illegally sold to him did not cause appellant's injuries nor were facts alleged showing that it was reasonably foreseeable to Gate that the illegally sold beer was to be consumed by Evans, whose condition was relevant to his ability to operate the vehicle that caused appellant's injuries. Accordingly the summary judgment for Gate and Aetna is
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.