425 So.2d 20 (1982)
Frank MIGLIORE, Appellant,
v.
CROWN LIQUORS OF BROWARD, INC., Appellee.
No. 81-883.
District Court of Appeal of Florida, Fourth District.
October 6, 1982.
Rehearings Denied January 31, 1983.
*21 Naomi Behar and Martin J. Sperry of Krathen & Sperry, Fort Lauderdale, for appellant.
Davis W. Duke, Jr., and John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The issue presented in this appeal is whether a vendor who sells intoxicating beverages to a minor contrary to the provisions of Section 562.11, Florida Statutes (1981)[1] is liable to third persons injured by the intoxicated minor's operation of a motor vehicle.
On December 2, 1978, appellant Frank Migliore was a passenger in an automobile which was struck by another automobile driven by a seventeen-year-old, Bruce Gahring. Earlier that evening Gahring had consumed eight to ten "Kamikazees," intoxicating drinks, at the Crown Liquor Lounge owned by appellee. It is alleged that no one at the lounge ever asked his age or demanded any identification. Sometime thereafter, while allegedly intoxicated, Gahring collided with the car in which Migliore was a passenger, injuring Migliore. This suit, filed by Migliore against appellee Crown and others, resulted in a final summary judgment in favor of Crown.
Crown contends that the summary judgment was proper because Section 562.11 does not extend liability to injured third parties, and secondly, because the statutory violation complained of was not the proximate cause of Migliore's injuries. Migliore, of course, takes the opposite position on each question. We agree with Crown's contention and hold that a vendor who sells intoxicating beverages to a minor contrary to the provisions of Section 562.11 is not liable to third persons injured by the intoxicated minor's operation of a motor vehicle.
Under the common law, a person injured by an intoxicated individual had no cause of action against the dispenser of the intoxicating beverage. This appears to be the general rule throughout the country in the absence of a statute creating such liability. United Services Automobile Association v. Butler, 359 So.2d 498 (Fla. 4th DCA 1978). The common law rule has been modified in many jurisdictions by the enactment of "Dram Shop" or "Civil Damages" acts making the dispenser of intoxicating liquors liable to persons injured by intoxicated minors. Although Florida has not enacted a Dram Shop or Civil Damages act, Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), the common law was modified in Florida in 1935 when the legislature enacted Chapter 16774, Laws of Florida (1935) as part of the beverage law. The section prohibiting the sale of intoxicating beverages to minors, now found in Section 562.11, Florida Statutes *22 (1981), was enacted for the purpose of protecting minors who might become injured as a result of the purchase and consumption of intoxicants. Davis v. Shiappacossee, 155 So.2d at 365; Burson v. Gate Petroleum Co., 401 So.2d 922 (Fla. 5th DCA 1981); Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977). Since this statute was passed in derogation of the common law, it is to be strictly construed. In Re Levy's Estate, 141 So.2d 803 (Fla.2d DCA 1962); United Automobile Services Association v. Butler, 359 So.2d at 498. Thus, we conclude that the common law was changed by said statute to the extent that minors were protected against the sale of intoxicants.
In 1963, the Supreme Court of Florida held in Davis v. Shiappacossee, 155 So.2d at 365, that a violation of Section 562.11 constituted negligence per se and gave rise to a cause of action against the dispenser of intoxicants to a minor who was later killed while driving an automobile. The Court analogized the violation of Section 562.11 protecting minors from the sale of liquor to a violation of the statute prohibiting the sale of guns to minors as found in the case of Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959). Tamiami had relied upon Tampa Shipbuilding & Engineering Corporation v. Adams, 132 Fla. 419, 181 So. 403 (1938), a case involving a violation of a statute prohibiting the employment of children under the age of 16. Both Tamiami and Tampa Shipbuilding held that the respective statutes were enacted to protect minors from injuring themselves with guns in the case of Tamiami and from personal injury as well as the adverse effects on their education in the Tampa Shipbuilding case. Thus, the Shiappacossee court held that the cause of action created by violation of Section 562.11 accrued to the minor who was furnished the intoxicants. This position, we believe, was consistent with rules of statutory construction and case law generally. See: Alsup v. Garvin-Wienke, Inc., 579 F.2d 461 (8th Cir.1978); Keaton v. Kroger Co., 143 Ga. App. 23, 237 S.E.2d 443 (1977).
However, since Shiappacossee, several Florida cases have broadened the liability of dispensers for the sale of intoxicants to a minor. One case in particular held that a third party has a cause of action against the dispenser of intoxicants for injuries caused by a minor to whom intoxicants were furnished. In Prevatt v. McClennan, 201 So.2d 780 (Fla.2d DCA 1967), two minors who were imbibing in a tavern got into an argument. One of them pulled a gun and began shooting at the other. The plaintiff was struck by one of the shots and eventually sued the tavern owner. The District Court held that Section 562.11 was passed to "prevent harm that can come or be caused by one of immaturity by imbibing such liquors." (Emphasis added.) Prevatt purports to rely upon Shiappacossee for that extension of liability to third parties. However, we do not believe Shiappacossee or the rules of statutory construction or other cases support that conclusion. Appellant also considers Burson v. Gate Petroleum Company, 401 So.2d at 922, as following Prevatt. However, in our judgment, the Burson court ruled on the question of proximate cause and held that the liquor sale involved was not the proximate cause of the injury.
One might argue that the court should respond to the threat of drunken drivers on our highways and extend Section 562.11 to include third persons injured by intoxicated minors. We reject that suggestion in favor of judicial restraint and leave the prerogative of modifying the common law rule to the legislature. We agree with the Georgia Court in Keaton v. The Kroger Co., 237 S.E.2d at 443, wherein it stated:
"... We agree with the conclusion of the court in Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), that, in the final analysis, the controlling considerations are public policy and whether the court or the Legislature should declare it. We believe that the decision should be left to the Legislature. The Legislature may hold hearings, debate the relevant policy considerations, weigh the testimony, and, in the event it determines a change in the law is necessary or desirable, it can then draft statutes *23 which would most adequately meet the needs of the public in general, while balancing the interest of specific sectors." To the same effect, see Parsons v. Jow, 480 P.2d 396, 397-398 (Sup.Ct.Wyo. 1971), supra; Hall v. Budagher, 76 N.M. 591, 417 P.2d 71, 73-74 (1966) supra; Hamm v. Carson City Nugget, Inc., supra; Meade v. Freeman, 93 Idaho 389, 462 P.2d 54 (1969), supra.
It appears to us that the legislature felt the need to create a cause of action for third persons against dispensers of intoxicants for injuries by intoxicated minors when it passed Section 768.125, Florida Statutes (1981). They fashioned a statute which does afford a cause of action for third persons if they are able to prove the furnishing of intoxicants was willful and unlawful. The statute provides:
768.125 Liability for injury or damage resulting from intoxication.  A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
In conclusion, we note that the passage of Section 768.125 would have been totally unnecessary to provide third persons a cause of action against dispensers of intoxicants for injuries by intoxicated minors if such a cause of action was already available to them pursuant to Section 562.11. Certainly, no injured third person would proceed under Section 768.125 and assume its more onerous burden of proof if he could sue under Section 562.11.
Accordingly, the summary judgment entered in favor of the appellee Crown Liquors is affirmed.
AFFIRMED.
LETTS, C.J., and WALDEN, J., concur.
NOTES
[1] The 1981 provision is virtually identical to the 1978 Supplement provision in effect when the incident occurred except that the drinking age has been raised.