428 So.2d 770 (1983)
Barbara BARBER, Appellant,
v.
Kurt JENSEN, et al., Appellees.
No. 81-1393.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for appellant.
Robert M. Klein of Stephens, Lynn Chernay & Klein, Miami for appellee-Cumberland Farms Food Stores, Inc.
PER CURIAM.
Plaintiff's second amended complaint sought to hold a merchant liable for injury or damage caused by an intoxicated minor. The complaint alleged that the merchant sold alcoholic beverages to a minor in violation of section 562.11, Florida Statutes (1981), and that the minor became intoxicated to the extent that his ability to drive a motor vehicle was impaired. The complaint further alleged that the decedent, Carol Bradian, age 14, a passenger in the intoxicated minor's automobile, was injured and ultimately died as a direct and proximate result of the merchant's and the intoxicated minor's negligence. The trial court granted the merchant's motion to dismiss, finding that the complaint failed to state a cause of action.
We affirm the decision of the trial court because of our recent holding in Migliore v. Crown Liquors of Broward, Inc., 425 So.2d 20 (Fla. 4th DCA 1982). There we said that "a vendor who sells intoxicating beverages to a minor contrary to the provisions of Section 562.11 is not liable to third persons injured by the intoxicated minor's operation of a motor vehicle." By applying this rule to the case at bar, we certify that our decision is in direct conflict with the following decisions of other district courts of appeal: Burson v. Gate Petroleum Co., 401 So.2d 922 *771 (Fla. 5th DCA 1981); Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967).
Finally, pursuant to Rule 9.030(a)(2)(A)(v), Fla.R.App.P., we certify the following question to be of great public importance: Prior to May 24, 1980, the effective date of section 768.125, Florida Statutes (1981), did a third party who could establish proximate causation for his injuries, have a cause of action against a person who furnished alcoholic beverages to a minor in violation of section 562.11, Florida Statutes (1981)?
BERANEK and HURLEY, JJ., and BURNSTEIN, MIETTE K., Associate Judge, concur.