448 So.2d 978 (1984)
Frank MIGLIORE, Petitioner,
v.
CROWN LIQUORS OF BROWARD, INC., Respondent.
No. 63337.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 15, 1984.
Naomi Behar and Martin J. Sperry of Krathen & Sperry, Fort Lauderdale, for petitioner.
John R. Hargrove and Davis W. Duke, Jr. of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for respondent.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Fourth District, in Migliore v. Crown Liquors of Broward, Inc., 425 So.2d 20 (Fla. 4th DCA 1982), which directly and expressly conflicts with Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967). The issue before us is whether, prior to the effective date of section 768.125, Florida Statutes (1981),[*] a vendor who sells intoxicating beverages to a minor contrary to section 562.11, Florida Statutes (Supp. 1978), may be liable to third persons injured by the minor's operation of a motor vehicle. The Fourth District held that a vendor is not liable to such third persons. We disagree and quash the decision of the Fourth District. This same issue is also before us in Barber v. Jensen, 450 So.2d 830 (Fla. 1984), wherein the Fourth District certified this question as being of great public importance.
On the evening of December 2, 1978, Frank Migliore, while riding as a passenger in an automobile, was injured when that automobile was struck by an automobile driven by seventeen-year-old Bruce Gahring. In his amended complaint, Migliore alleged that Crown Liquors of Broward, Inc., provided intoxicating liquors to Gahring, a minor, prior to the incident and collision and thereby placed him in a state of intoxication at the time of the collision. Migliore also alleged that Crown Liquors knew or should have known that Gahring was a minor, yet failed to ask Gahring his age and failed to demand any identification from him. Migliore further alleged that it was foreseeable that, by serving Gahring intoxicating liquors in an excessive quantity, he would become intoxicated and would operate a motor vehicle while intoxicated and that he would thereby pose a danger to himself and others on the highway. This negligent conduct on the part of Crown of placing Gahring in an intoxicated state, alleged Migliore, was a proximate or concurring and contributing cause of the accident and the injuries sustained by Migliore.
Crown Liquors moved for summary judgment on the grounds that Migliore had no cause of action against Crown for its sale *979 of alcoholic beverages to Gahring and that the record contained no evidence that the sale constituted a proximate cause of the automobile accident. The trial court granted this motion and entered summary judgment in favor of Crown Liquors.
Migliore appealed to the Fourth District. The Fourth District affirmed the summary judgment and agreed with Crown Liquors that section 562.11 does not extend liability to injured third parties. It reasoned that the legislature enacted a statute prohibiting the sale of intoxicating beverages to minors for the sole purpose of protecting minors who might become injured as a result of the purchase and consumption of intoxicants. This finding, the Fourth District continued, is buttressed by the legislature's enactment of section 768.125 which the district court characterizes as creating a cause of action for third parties against vendors.
We do not agree that the legislation making it unlawful to sell intoxicating beverages to minors is intended to protect only the limited class of intoxicated minors who injure themselves. We find that those persons killed or injured by the intoxicated minor to whom the intoxicating beverages were illegally sold are also within the class of persons to be protected by this legislation.
The Florida Legislature, within two years after the twenty-first amendment repealing prohibition was ratified, enacted chapter 16774, section 11, Laws of Florida (1935), which is now section 562.11, making it a crime to sell intoxicants to minors. The first issue to arise under this statute relating to civil liability for its violation was whether a cause of action against the vendor existed in favor of a minor to whom alcoholic beverages were illegally sold resulting in his intoxication and his injury and death. We addressed this issue in Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963). Davis sued the vendor for damages resulting from the death of his sixteen-year-old son to whom the vendor had illegally sold a quantity of beer and whiskey. While under the influence of this liquor, the sixteen-year-old boy lost control of the car, struck an oak tree, and turned over. He died within six hours of the purchase of the alcohol. The complaint for damages was dismissed, and the Second District Court affirmed, concluding that the automobile accident and death were not reasonably expected or probable results of the illegal sale. We quashed the decision of the Second District and held that sale of alcoholic beverages to a minor in violation of statute is negligence per se and gave rise to a cause of action against the vendor on behalf of the deceased minor's parents. The facts of this case were limited to a question of whether a cause of action existed in favor of the injured minor to whom liquor had been illegally sold. Because of this factor, it was not necessary for this Court to define the entire class of persons which this statute was designed to protect against the risk of harm that results from selling intoxicating beverages to a minor. This Court thus did not expressly address the issue of whether violation of section 562.11 gives rise to a cause of action in favor of a third party against a vendor who illegally sells alcoholic beverages to a minor who becomes intoxicated and injures the third party.
This issue was initially directly addressed by the Second District in Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), wherein the minor to whom liquor had been illegally sold in the defendant's tavern became intoxicated and drew a pistol and shot a patron of the tavern. The third party patron sued the owner of the tavern. Judgment was entered in favor of the plaintiff in the personal injury action, and the Second District affirmed. The Second District correctly held that violation of the statute forbidding sale of liquor to minors constitutes negligence per se and that the statute was
passed to prevent the harm that can come or be caused by one of immaturity by imbibing such liquors. The very atmosphere surrounding the sale should make it foreseeable to any person that trouble for someone was in the making.

*980 The proximate cause of the injury is the sale rather than the consumption. Davis v. Shippacossee, infra, is but one of a number of recent cases holding that in the absence of a Dram Shop Act, a liquor vendor may be liable for consequential results of illegal sales.
201 So.2d at 781.
We agree with the holding and rationale of the Second District in Prevatt. Providing alcoholic beverages to minors involves the obvious foreseeable risk of the minor's intoxication and injury to himself or a third person.
The First District in Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978), reiterated the principle announced by Prevatt that section 562.11 was passed to prevent the harm that can be caused by one of immaturity imbibing liquor. It acknowledged, however, that the fact of negligence per se resulting from violation of the statute does not necessarily mean that there is actionable negligence since "[a] plaintiff must allege: 1) that he is of a class the statute was intended to protect; 2) that he suffered injury of the type the statute was designed to prevent; and 3) that violation of the statute was the proximate cause of the injury, deJesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla. 1973)." 352 So.2d at 544. In Bryant the minor who consumed the liquor and who became intoxicated and was injured as a result thereof was not one of the minors to whom the liquor was sold. The district court, therefore, affirmed the dismissal of the complaint against the vendor of the liquor.
The Fifth District in Burson v. Gate Petroleum Co., 401 So.2d 922 (Fla. 5th DCA 1981), recognized Prevatt as applying and extending Davis v. Shiappacossee to allow recovery to a third party injured as the result of actions of minors who had consumed alcoholic beverages sold in violation of section 562.11. However, the Fifth District in Burson found that there was no actionable negligence because the minor to whom the liquor was illegally sold was not driving the vehicle that caused the plaintiff's injuries. It distinguished Davis and Prevatt and analogized Bryant, stating:
In Davis, the minor to whom the alcoholic beverage was sold in violation of this statute and whom the seller could see was operating a motor vehicle, consumed the beverage and was killed as a result of his mismanagement of the vehicle resulting from his impaired condition. In Prevatt, the two minors who [were] illegally sold beer consumed the intoxicating beverages on the seller's premises and started shooting, causing the third party's injuries. In contrast, the minors in Bryant, to whom the rum was illegally sold, were not alleged to have consumed the alcoholic beverage, nor were facts alleged indicating that the seller had reason to believe that the rum was going to be consumed by Bryant or others, whose impairment of faculties resulting from consumption of alcoholic beverages caused Bryant's injuries. Likewise, in Stanage [v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980)] there was no showing that the injuries resulted from the consumption by the purchasing minor of the illegally sold beer nor were facts alleged from which it could be said that the seller should have foreseen that the beer was likely to be consumed by the minors whose impaired condition might have caused the injuries in question.
401 So.2d at 924.
The present case is analogous to Prevatt. Here, the purchasing minor was the consuming minor who is alleged to have caused the injuries to Migliore.
Moreover, contrary to the Fourth District's holding in the present case that section 768.125 creates a cause of action for third persons against dispensers of intoxicants for injuries by intoxicated minors, we find that section 768.125 is a limitation on the liability of vendors of intoxicating beverages.
Section 768.125, Florida Statutes (1981), provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for *981 injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
When the legislature enacted this statute it was presumed to be acquainted with the judicial decisions on this subject, including Davis and Prevatt. Moreover, the legislative intent that this statute limit the existing liability of liquor vendors is clear from its enacting title which reads: "An act relating to the Beverage Law; creating s. 562.51, Florida Statutes [codified as s. 768.125], providing that a person selling or furnishing alcoholic beverages to another person is not thereby liable for injury or damage caused by or resulting from the intoxication of such other person; providing exceptions; providing an effective date." Chapter 80-37, Laws of Florida (1980).
Accordingly, we quash the decision of the Fourth District Court, adopt the Second District's holding in Prevatt v. McClennan, and remand for further proceedings consistent with this decision.
It is so ordered.
BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Section 768.125, enacted as ch. 80-37, Laws of Florida, became effective on May 24, 1980.