PER CURIAM.
Plaintiff appeals the dismissal of her complaint against defendants for personal injuries incurred in an automobile accident involving a drunken driver to whom defendants allegedly sold alcoholic beverages. We affirm.
Section 768.125, Florida Statutes (1980), imposing liability on one who knowingly sells intoxicating beverages to a person who is “habitually addicted” to such beverages, was not in effect at the time of the sale alleged in the complaint here. See Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984).
Even on the premise that liability in this type of situation could be predicated upon violation of a criminal statute, see Migliore, 448 So.2d at 979, the requisites of the relevant criminal statute here, section 562.50, Florida Statutes (1979), were not met. Section 562.50 states in part:
Any person who shall sell, ... any alcoholic beverage, ..., which produces intoxication, to any person habitually addicted to the use of ... such intoxicating liquors, after having been given written notice by wife, husband, father, mother, sister, brother, child, or nearest relative that said person so addicted is an habitual drunkard and that the use of intoxicating drink ... is working an injury to the person using said liquors, or to the person giving said written notice, shall be guilty of a misdemeanor of the second degree ....
The seller here was not alleged to have been given such notice.
AFFIRMED.
OTT, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.