PETERSON, Judge.
Bias Nieves appeals the trial court’s order of summary final judgment in favor of defendants/appellees’ Camacho Clothes, Inc., and O.C. White’s, Inc. The trial court concluded that, while it is reasonably foreseeable that the illegal sale of alcoholic beverages to a driver of an automobile would result in injury to the driver and his passengers, it is not reasonably foreseeable that an illegal sale to the passenger would result in injuries.
*508 Nieves, two days short of his 20th birthday and under the legal drinking age, arrived at Café Camacho in St. Augustine at approximately 2:00 p.m. with his friend, Mike Ratliff, and drank two or three bottled beers with his meal. The two then walked down the street to O.C. White’s, another restaurant, where Nieves had two additional beers and another alcoholic beverage. Not too long before leaving, he became ill and vomited in the restroom. He alleged that he had little memory of what else occurred before he was injured, except that at one point he opened his eyes and thought that the vehicle in which he was riding was turning. He apparently became a passenger in a vehicle operated by his friend Ratliff, who was not underage and who had consumed alcoholic beverages during the afternoon along with Nieves. The vehicle allegedly left the roadway on U.S. Route 1 north of St. Augustine and overturned, causing serious and permanent injuries to Nieves when he was ejected from the vehicle.
Nieves sued Camacho Clothes, Inc., d/b/a Café Camacho, and O.C. White’s, Inc., alleging that the two corporations violated sections 562.11(l)(a) and 768.125, Florida Statutes (1991), when their agents served alcoholic beverages to him, an underage person, without requesting any identification indicating his age. Section 562.11(l)(a), Florida Statutes (1991), provides:
It is unlawful for any person to sell, give, serve, or permit to be served, alcoholic beverages to a person under twenty-one years of age, or to permit a person under twenty-one years of age to consume such beverages on licensed premises.
Section 768.125, Florida Statutes (1991), provides:
Liability for injury or damage resulting from intoxication. — A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or famishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
(Emphasis added).
In Count I of his amended complaint, Nieves alleged that, because the agents and employees of the two corporations served him alcoholic beverages in violation of the statutes, he became intoxicated, incapable of safely operating a motor vehicle and incapable of making an informed decision about whether to travel in a motor vehicle with another person who had been drinking alcohol: He further alleged that he was rendered incapable of taking reasonable steps available to protect himself while a passenger in a motor vehicle; i.e., he was intoxicated to the point that he was unable to, and incapable of making a decision to, wear the operable seat belt available to him. In Count II, Nieves alleged that the two corporations were negligent in hiring employees incapable of understanding or carrying out the appel-lees’ corporate policies regarding sales of alcoholic beverages to minors. He further alleged that the companies were negligent in that they failed properly to train, instruct or supervise employees to identify underage persons and to avoid sales of alcoholic beverages to them. Finally, he alleged that his injuries were a direct and proximate result of the negligent, willful and unlawful conduct of one or both of the corporations.
The trial court granted the two corporate defendants’ motions for summary judgment, finding that the two counts of the amended complaint were inseparable, and that Nieves’ injuries were not proximately caused by the sale of alcohol to him. In so ruling the court relied upon Burson v. Gate Petroleum Co., 401 So.2d 922 (Fla. 5th DCA 1981). In Bur-son, 16-year-old Michael Mott was a passenger in a truck driven by 17-year-old Brian Evans, and owned by Evans’ father. They stopped at a Gate convenience store at which Mott entered and purchased two quarts of beer without having to show proof of age. The two consumed the beer while driving to Daytona Beach. Evans drove the truck onto the beach where he ran over and injured Burson. Burson then sued Gate on the theory that the sale of beer to Mott violated *509 section 562.11, Florida Statutes, and constituted negligence per se. The trial court granted Gate’s motion for summary judgment reasoning that Burson had not alleged facts showing that it was reasonably foreseeable to Gate that the driver, Evans, would consume the beer sold to Mott.
On appeal, this court noted that Burson’s complaint carefully refrained from alleging that Gate’s employee:
[K]new that Mott was on a joint venture with Evans, that he knew facts from which he should have reasonably inferred that Mott was going to share the beer with Evans, that he knew that Mott was riding in a motor vehicle operated by Evans, or that he knew or should have ascertained that Evans was a minor.
In affirming the summary judgment, this court focused on the sale of the beer, as does the statute. We held that the impairment of Mott, the passenger, which resulted from his consumption of alcoholic beverages illegally sold to him, did not cause Burson’s injuries. Burson, however, is not helpful in disposing of the instant case because the underage person in Burson who purchased the alcohol neither caused the injury, nor was the injured party seeking relief.
In Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984), a motor vehicle passenger was injured in a collision with another motor vehicle operated by an underage person who had been provided alcohol by the defendant vendor. The supreme court in Migliore noted its approval of the holding and rationale of Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967). In Prevatt, the second district held that violation of section 562.11 constitutes negligence per se and that the statute was:
passed to prevent the harm that can come or be caused by one of immaturity by imbibing such liquors. The very atmosphere surrounding the sale should make it foreseeable to any person that trouble for someone was in the making.
The proximate cause of the injury is the sale rather than the consumption. Davis v. Shippacossee [155 So.2d 365 (Fla.1963) ], is but one of a number of recent cases holding that in the absence of a Dram Shop Act, a liquor vendor may be liable for consequential results of illegal sales.
Prevatt at 781. The supreme court, in approving the Prevatt rationale, stated: “[p]ro-viding alcoholic beverages to minors involves the obvious foreseeable risk of the minor’s intoxication and injury to himself or a third person.” Migliore at 980. The court then construed the later enacted section 768.125 to be a statute limiting the liability of vendors of intoxicating beverages rather than a statute creating, for the first time, a cause of action by third persons against the dispensers.
The passage of the statute, however, did not alter the rule of proximate cause. That rule was recited in Davis:
[I]t is only when an injury to a person that ... has resulted directly and in ordinary natural sequence from a negligent act, without an intervening independent cause, or “is such as, ordinarily and naturally should have been regarded as a probable” as distinguished from a “possible” result that the injured person can recover....
Davis, 155 So.2d at 367. In the instant case, unlike in Davis, the alcohol was not served to the under-aged appellant while he was seated in an automobile. Nor was the appellant driving an automobile when his injuries occurred. Nonetheless, a jury reasonably could find that the injuries appellant incurred as a passenger of an allegedly drunk driver were a reasonably foreseeable result of the sales of the alcohol to the appellant, even if those sales did not constitute the sole proximate cause of his injuries. The issue of proximate cause is normally for determination by the fact finder. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). A jury may reasonably find that the appellant, a person under 21, was of the class the statute was intended to protect, that his injury was of the type the statute was designed to prevent, and that the violation of the statute, serving alcohol to the appellant, was a proximate cause of his injury. deJesus v. Seaboard Coast Line R.R., 281 So.2d 198 (Fla.1973).
*510 We vacate the summary final judgment and remand for further proceedings.
REVERSED; REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.