723 So.2d 384 (1998)
KIRKMAN ROAD SPORTS PUB AND RESTAURANT, INC., etc., Appellant/Cross-Appellee,
v.
Robert DEMPSEY, etc., et al., Appellees/Cross-Appellants.
No. 98-127.
District Court of Appeal of Florida, Fifth District.
December 31, 1998.
Richard S. Womble and Gregory D. Prysock of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellant/Cross-Appellee.
Don McKeever of McKeever, Albert & Barth, Winter Park, and Marcia K. Lippincott of Marcia K. Lippincott, P.A., Maitland, for Appellees/Cross-Appellants.
COBB, J.
The issue on appeal is whether the trial court erred in denying a motion for summary judgment filed by the defendant below, Kirkman Road Sports Pub and Restaurant, Inc., d/b/a JB's Sports Bar and Grill, in regard to its liability to the plaintiffs pursuant to section 768.125, Florida Statutes (1995), which provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person. (Emphasis added).
In the action below, the plaintiffs (the appellees here) alleged that their intoxicated minor daughter, Mary Catherine Dempsey, committed suicide by hanging herself several hours after being served alcoholic beverages at JB's Bar. The latter's motion for summary judgment was predicated solely on the argument that the death was not a reasonably foreseeable event. The absence of a willful sale was not raised by the summary judgment movant below, nor has it been argued on appeal.
The argument upon which JB's Bar relied at the summary judgment proceeding below, and now relies on appeal, is that the suicide of the minor was not foreseeable, therefore was not proximately caused by the act (even if willful) of serving beer to her. The answer to this argument is to be found in McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992), wherein the court said:
In the past we have said that harm is `proximate' in a legal sense if prudent human *385 foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question.... However, as the Restatement (Second) of Torts has noted, it is immaterial that the defendant could not foresee the precise manner in which the injury occurred or its exact extent. Restatement (Second) of Torts 435 (1965).
In Nieves v. Camacho Clothes, Inc., 645 So.2d 507 (Fla. 5th DCA 1994), two restaurants served beer to a twenty year old, Nieves, without checking his age. He subsequently became a passenger in a vehicle operated by a drunken friend. The car crashed, injuring Nieves, and he sued the restaurants pursuant to section 768.125, Florida Statutes (1991). Nieves contended that because of his own intoxication he was incapable of making an informed decision about whether to travel in a motor vehicle with another person who had been drinking alcohol and whether or not to utilize an operable seatbelt. In reversing a summary judgment for the defendants we held that a jury reasonably could find that the injuries Nieves incurred as a passenger of an allegedly drunk driver were a reasonably foreseeable result of the sale of alcohol to him, even if the sale did not constitute the sole proximate cause of his injuries. By the same reasoning, a jury in the instant case could have found (and, for that matter, did find) that some self-inflicted injury to the minor was a reasonably foreseeable result of her intoxication. Therefore, the defendant's motion for summary judgment below was properly denied.
We find no merit in the cross-appeal.
AFFIRMED.
GRIFFIN, C.J., concurs.
HARRIS, J., concurs in result only.