ON MOTION FOR REHEARING
PETERSON, J.
Teresa Sipes, individually and as Personal Representative of the Estate of Roy E. Stanley, deceased, moved to recall the mandate[1] and for rehearing in Sipes v. Albertson’s, Inc., 721 So.2d 438, 23 Fla. L. Weekly D2661 (Fla. 5th DCA 1998), in light of the opinion issued by this court in Kirkman Road Sports Pub and Restaurant, Inc. v. Dempsey, 723 So.2d 384, 24 Fla. Law Weekly D142 (5th DCA 1998). Kirkman Road involved the sale of alcoholic beverages to a minor who became intoxicated and then committed suicide. The issue presented was whether the intoxication and suicide should have been foreseeable events for the vendor. We held the trial court correctly denied a motion for summary judgment by the vendor of the alcohol, leaving the issue of foreseeability for a jury to resolve.
The panel’s conclusion in Kirkman Road is consistent with the Florida Supreme Court’s pronouncement in Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla.1978): “Since reasonable men might differ, the ultimate determination of foreseeability rests with the jury.” In McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla.1992), the supreme court reiterated that, generally, a jury should decide whether a tort-feasor’s act and a victim’s injury are proximately related. In the instant case, we believe that this court’s earlier opinion affirming the trial court’s grant of the motion to dismiss requested by the vendors violated the principle stated in Vining because, depending on the resolution of facts not yet known, reasonable men could still differ on the foreseeability issue. Because this established principle -may have been violated, and in light of this court’s holding in Kirkman Road, we vacated the mandate. We now grant the rehearing, withdraw our previous opinion issued in this case, and substitute the following.
Teresa Sipes, the personal representative of her deceased son’s estate, appeals an order dismissing her complaint against Albert-son’s, Inc., Star Enterprise (Star), Marriott International, Inc., and others. She alleged in her complaint that her son, a minor who had the appearance, speech and mannerisms of a person under the age of 21 years, purchased alcohol from Albertson’s on July 8, 1995, and from Star and a hotel operated by Marriott, on July 9, 1995. She further alleged that on the evening of July 9, her son, while intoxicated, became involved in an altercation with his step-father which culminated in the stepfather fatally shooting her son. The trial court dismissed the complaint filed on behalf of the deceased, reasoning that the plaintiff was unable to establish legal foreseeability. Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980) and Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978), were cited in support of the dismissal.
We disagree with the trial court’s conclusion that the rationale of the cases cited in support of the dismissal is dispositive of the instant case. In Stanage, beer was purchased by a 13-year-old girl while her two teenage male companions were hiding behind the vendor’s building. The teenagers then drove to a nearby lime pit to camp and *1245 consumed the beer. They then decided to hunt for firewood and one of the boys removed a shotgun from their vehicle for protection. When they returned from hunting for firewood, the boy holding the shotgun stumbled because of his unsteadiness after drinking the beer. The gun discharged acci-dently and his male companion was injured.
In Bryant, two underaged and unnamed members of a high school club purchased rum. They purchased it to use in an initiation ceremony in which other minors were required to consume the rum to the point of intoxication. One youth was “caused to fall, jump or dive” and became permanently paralyzed from the neck down.
In both Stanage and Bryant, the courts refused to charge the vendors with notice that a probable, consequence of the sale would be the injuries that occurred from the acts of others, acts which the courts deemed to be independent of, and not a foreseeable consequence of, the sale. Although both courts found a lack of legal foreseeability in the circumstances of those cases, it is noteworthy that in both Stanage and Bryant the injuries that occurred were neither caused by the parties who purchased the alcohol, nor were they sustained by the minors who purchased the alcohol.[2] Cf. Nieves v. Camacho Clothes, Inc., 645 So.2d 507 (Fla. 5th DCA 1994) (jury may reasonably find that minor’s injuries as a passenger of an alleged drunk driver were foreseeable result of minor having been sold alcohol thereby precluding summary judgment in favor of vendors); Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984) (vendor could' be liable where purchasing minor was the consuming minor who caused the injury to the third party).
The facts alleged in the instant case are not beyond the range of legal and reasonable foreseeability.[3] Significantly, the facts involve an injury to a minor who, himself, purchased alcohol. See Nieves. Thus, the chain of causation is not disrupted as in Stanage or Bryant by the fact that the minor who purchased the alcohol from the offending vendor was neither injured nor involved directly in the injury of another. Here, it is alleged that the purchaser became intoxicated and participated in an altercation in which he was killed. We do not believe that it is an unpredictable consequence that a sale of alcohol to a minor may result in that minor becoming so dangerously aggressive toward another that a weapon must be used in defense and that the violent altercation would not have ensued but for the minor being intoxicated. Some may argue that it is too bizarre for the vendor to foresee that a minor’s intoxication could result in his death by a shotgun blast. But neither the precise manner nor the extent of the injury is material to a foreseeability analysis. McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992). The focus is properly on the foreseeability of an intoxicated minor becoming aggressive towards another and the likelihood of such aggressive behavior resulting in injury to himself or a third party.[4]
The death in the instant case is an injury of the type the dram shop statute was intended to prevent. In Bryant v. Jax Liquors, 352 So.2d 542, 544 (Fla. 1st DCA 1977), cert. denied 365 So.2d 710 (Fla.1978), the first district observed:
*1246 Section 562.11, Florida Statutes, which makes it a crime to sell intoxicating liquors to a minor, was passed to prevent the harm that can be caused by one of immaturity imbibing such liquors. Violation of the statute by a vendor is negligence per se.
We recognize that subsequent to Bryant and other cases, the legislature, in 1980, absolved vendors of civil liability for all situations except those involving a willful sale to a minor or those involving a vendor knowingly serving a habitual drunkard. Ch. 80-37, § 1, Laws of Fla.; § 768.125(Fla.Stat.l997). But here the plaintiff has, in fact, alleged a willful sale to a minor. Moreover, subsequent to this statutory limitation on liability, the supreme court in both Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984), and Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042 (Fla.1991), re-affirmed and ratified the second district’s holding in Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), that “[providing alcoholic beverages to minors involves the obvious foreseeable risk of the minor’s intoxication and injury to'himself or a third party.” Ellis quoting Migliore at 980. Prevatt involved the liability of a tavern owner to a patron of the bar who was shot by a minor to whom the tavern had illegally sold alcohol. While the legislature, as noted, subsequent to Prevatt, has absolved vendors of liability for non-willful sales to minors, it has kept in place, through its enactment of section 768.125, liability for the willful sale.
We do not find it to be necessarily beyond the realm of reasonable foreseeability or a “freakish” result that willfully serving a minor alcohol will cause that minor to become intoxicated and, as in Prevatt, to ■ become overly aggressive and in the course thereof, to injure another, or, as in the instant case, to be injured himself by another’s predictable response to the minor’s undue acts of alcohol-induced aggression. The plaintiffs action should have proceeded beyond the initial pleading phase. Kirkman; Newsome v. Haffner, 710 So.2d 184, 186 (Fla. 1st DCA 1998) (dismissal of complaint filed under “open house party” statute reversed where injury involved minor’s self-inflicted gunshot wound, and contention that injury was freakish and improbable chain of events outside ambit of probable cause did not justify dismissal of complaint), rev. denied, 722 So.2d 193 (Fla.1998).
The order of dismissal is vacated and we remand for further proceedings.
JUDGMENT VACATED; REMANDED.
ANTOON, J., concurs.
GOSHORN, J., dissents, with opinion.
GOSHORN, J.,

. The mandate was recalled by this court's order dated January 11, 1999.

. Stanage and Bryant both involved facts which predated the legislature’s enactment of section 768.125, (Ch. 80-37, § 1, Laws of Fla), which makes a vendor potentially liable for injuries "caused by or resulting from” the intoxication of a minor that the vendor willfully serves. The legislature, it would seem, followed the rationale of Stanage and Bryant by limiting a vendor’s liability to only those injuries caused by the served minor’s intoxication.

. Florida Power & Light Co. v. Periera, 705 So.2d 1359, 1361 (Fla.1998) (in negligence action, foreseeability can be relevant both to the element of duty and the element of proximate cause; as to the former it is a legal question of whether the defendant’s conduct foreseeably created a broader zone of risk that poses a general threat of harm to others). With respect to the special risk created by a vendor willfully selling alcohol to a minor, the legislature, as noted above, has specifically indicated that such a vendor may be liable for injuries resulting from the minor’s intoxication. § 768.125.

.Facts developed after the remand of the instant case to the trial court could possibly indicate that the degree of self-defense by the third-party was totally inappropriate and constituted an intervening act absolving the defendants of liability.