STURGIS, Judge.
The captioned appeals from judgments for defendant-appellee, Margie Flowers, entered pursuant to verdicts of the jury, are consolidated for the purpose of review. Appellant concedes that the judgments in favor of defendant Dennis Newberry are not susceptible to successful attack and the appeals are dismissed to that extent, leaving Margie Flowers sole- appellee.
The appellant, as administrator of the estate of Richard Eugene Bass, deceased, sued appellee and Dennis Newberry, a minor, to recover damages for decedent’s *241 pain and suffering incident to liis fatal illness, allegedly caused by the negligence of defendants. He also sued them in his own right to recover damages for himself and wife, parents of the decedent, for the alleged wrongful death of decedent due to the alleged negligence of defendants. The only act of appellee Margie Flowers urged on appeal as constituting negligence is said to consist of “giving a pistol to Dennis Newberry, age 14 years, without permission of the parent of said minor, or the person having charge of said minor, all in violation of Section 790.17 of the Florida Statutes of 1961.” Defendants’ answers denied the allegations of negligence and affirmatively pleaded contributory negligence on the part of the decedent.
The testimony reveals that on Saturday, June 22, 1963, the decedent, Richard Eugene Bass, and the said Dennis Newberry, both 14 years of age, went to Newberry’s home where in the closet of his brother they found a pistol belonging to his mother. They decided to take the pistol to the home of appellee Margie Flowers and there clean it. Newberry unloaded the pistol, put the cartridges in his pocket, and after being in appellee’s home for some time showed the pistol to her. She took it in her hands, checked it for cartridges, pulled the trigger about eight times to be sure it was unloaded, and after admonishing Newberry that it is the unloaded gun that kills people, delivered it to him with instructions to put it up. Mrs. Flowers made no inquiry to determine whether the boys had cartridges for the pistol, nor did she obtain from Newberry’s parents or any other person permission to deliver it to him under the mentioned circumstances.
Dennis Newberry then placed the pistol on the headboard of a bed in appellee’s home where she observed it several times prior to the accident. About three hours after she had inspected and returned the pistol to Newberry, he got the cartridges from the decedent, went to the bedroom, procured the pistol and returned with it to the livingroom of appellee’s home where decedent was engaged in a telephone conversation. He sat down on a sofa beside the decedent and loaded the pistol. Shortly thereafter decedent asked Newberry to let him see it and grabbed it, at which time Dennis jerked back and it discharged a bullet into decedent’s heart, effecting his death.
With the above facts in evidence the trial court ruled that Section 790.17, Florida Statutes, F.S.A.,[1] was inapplicable and at the close of the evidence denied plaintiff’s motion for a directed verdict. The court also ruled that plaintiff could not go to the jury with instructions concerning said statute.
The points for determination are (1) whether by virtue of Section 790.17, Florida Statutes, F.S.A., the trial court should have granted plaintiff-appellant’s motion for a directed verdict against the defendant-appellee, and (2) whether the court should have charged the jury concerning Section 790.17, Florida Statutes, F.S.A. We find no error and affirm.
As heretofore noted, appellant has conceded there was no error in the judgments rendered in favor of Dennis Newberry. In both cases appellee Flowers was charged with negligence in delivering the pistol to her co-defendant, Dennis New-berry, and Newberry was charged with negligence in handling same. It is obvious, therefore, that the verdict resulting in the judgment in favor of Newberry, admitted by *242 appellant to be unassailable, 'was necessarily-based upon only one of two findings of the jury: either that he was not guilty of negligence in handling the pistol or that decedent was guilty of contributory negligence. Assuming the verdict resulted from a finding that Newberry was not guilty of negligence in handling the pistol, it is settled that appellee Flowers could not be held guilty of negligence proximately contributing to decedent’s death. Williams v. Youngblood, 1S2 So.2d 530 (Fla.App. 1963). And if tíre verdict is based on a finding of contributory negligence on the part of decedent Bass, it is appellant’s burden to demonstrate that such negligence would not operate to bar recovery from appellee Margie Flowers. Appellant has not sustained that burden.
Contributory negligence is not available as a defense in a civil action brought by a minor purchaser against the seller to him of a weapon in violation of the statute, but is available as a defense in a suit brought by a third person against the seller. McMillen v. Steele, 275 Pa. 584, 119 A. 721 (1923). As held by the Florida Supreme Court in Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla.1959), this rule derives from the fact that the statute is intended for the protection of a class of persons from a harm which they are not capable of recognizing, and the purpose would be defeated if negligence of a member of the class were permitted to bar him from recovery.
In Williams v. Youngblood, supra, we were concerned with Section 790.22, Florida Statutes, F.S.A., which makes it a misdemeanor for an adult responsible for the welfare of any child under the age of 16 years to permit the child to have in its possession without supervision a BB gun, air rifle, or 22-calibre rifle, and we said:
“Whether vicarious liability exists in consequence of such statutes initially depends on the question of law as to whether the injured party seeking relief is a member of the class which the statute is designed to protect. If so, vicarious liability is visited upon the person infracting the statute, otherwise it does not exist. Applying that test to Section 790.22, Florida Statutes, F.S.A., we do not think it yields to a construction as having been designed to protect members of a class. It is essentially a criminal measure designed to protect the public generally against the indiscriminate use of the specified firearms by an infant itnder sixteen years of age. It follows, therefore, that in the instant case negligence of the defendant is a necessary element to the right of the plaintiffs to recover. Such negligence must exist with respect to the degree of care exercised in keeping the dangerous instrumentality (BB gun) out of the hands of the minor, and also with respect to the manner in which that instrumentality, having come into the hands of the minor, was used. It is elemental, of course, that the injury complained of must be the proximate result of such negligence.”
The principles there stated apply with equal force to the case on appeal involving F.S. § 790.17, F.S.A. It was not error to refuse to instruct the jury on said statute.
The cases on appeal were properly submitted to the jury to determine whether appellee was negligent in permitting New-berry to have access to the gun, whether Newberry was negligent in the handling of it, and whether decedent was contributorily negligent in the premises. The verdict of the jury, which is not assailed on these appeals, has set those factual questions at rest and the judgments appealed are
Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.

. F.S. § 790.17, F.S.A., provides:
“Furnishing weapons to minors, etc. Whoever sells, hires, barters, lends or gives any minor under sixteen years of age any pistol, dirk, or other arm or weapon, other than an ordinary pocket knife, or a gun or rifle used for hunting, without permission of the parent of such minor, or the person having charge of such minor, or sells, hires, barters, lends or gives to any person of unsound mind any dangerous weapon, other than an ordinary pocket knife, shall be punished by imprisonment not exceeding three months, or by fine not exceeding fifty dollars.”