JOHNSON, Chief Judge.
This is an appeal from an order granting a new trial after a jury verdict had been rendered against the plaintiff. The case arose in Duval County, Florida.
The issue on appeal has been narrowed down by the parties to this question: Was it prejudicial error for the trial court to instruct the jury with respect to section 790.17, Florida Statutes, F.S.A., and the consequences thereof?
The facts are: the appellant, Randy Green, age IS at the time of the alleged accident, spent the night with two school boy friends at the home of the latter, the Evans home. Early next morning the Evans boys or at least Robert Evans, the ap-pellee herein, asked his father if he, Randy and Steven could go out to the sand mines hunting. His father gave his permission with the added instruction to be careful and to be back within a reasonable time before his mother would become worried. There was no reference made by the father of the Evans boys or the boys as to which guns were to be used or which of the boys would use them.
After hunting for awhile and using up the ammunition they had, for both the .410 gauge shot gun and the .22 rifle, which were the guns involved, the boys returned home, put up the guns for awhile, then went to a store and purchased more ammunition for the shot gun and then returned to the house of the appellee Evans, got the two guns and again went hunting. It was on this latter trip that the .410 gauge shot gun was discharged while in the possession of the appellant Randy Green, hitting Robert Evans in the leg. There was some evidence of the shot gun having been accidentally discharged once by Randy Green before the shot in question, at which time Randy stated the gun just went off, that he didn’t pull the trigger. The next time the .410 was discharged was when the ap-pellee Robert Evans walked by Randy (about six inches from the muzzle of the gun) and the .410 fired, striking Robert Evans in the leg. According to appellee Robert Evans, Randy was holding the gun pointed downward when he last noticed it.
At the conclusion of the evidence, the trial court instructed the jury, inter alia, to the effect that F.S. 790.17, F.S.A., was applicable and that if the jury so found, and *426 that the plaintiff had violated said statute that the minor plaintiff was guilty of contributory negligence as a result of so violating said statute. There was an objection to this instruction by the plaintiff, which was denied.
After the jury verdict for the defendant, the plaintiff filed a motion for a new trial, one of the grounds therefor being the error of instructing the jury on the firearms statute (F.S. 790.17, F.S.A.). The trial court found the other grounds of said motion to be without merit, but granted the motion on the ground that he had erred in charging the jury on said statute and that he had concluded that said statute (F.S. 790.17, F.S.A.) had no applicability to the facts of this case, based upon Bass v. Flowers, 177 So.2d 239 (Fla.App. 1st, 1965). It is from this order that this appeal is taken.
F.S. 790.17, F.S.A., is as follows:
“Whoever sells, hires, barters, lends or gives any minor under eighteen years of age any pistol, dirk, or other arm or weapon, other than an ordinary pocketknife, without permission of the parent of such minor or the person having charge of such minor, or sells, hires, barters, lends or gives to any person of unsound mind any dangerous weapon, other than an ordinary pocketknife, is guilty of a misdemeanor and upon conviction shall be punished by imprisonment not exceeding three (3) months, or by fine not exceeding fifty dollars ($50.-00).”
There seems to be two Florida cases in which the courts have dealt with this cited statute. In 1959, the Third District Court of Appeal ruled on a case involving a violation of this statute in Tamiami Gun Shop v. Klein, 109 So.2d 189, in which the opinion was authored by Judge John T. Wig-ginton of the First District sitting at the time as an associate judge on the Third District. In this case, a retail dealer in firearms in Miami, sold a 30/30 Winchester rifle to a sixteen year old boy. On a return trip from target practice in the Everglades, the car in which the minor purchaser of the rifle was riding, struck a severe bump in the road and the rifle which the plaintiff minor was holding by the barrel discharged causing the loss of plaintiff’s thumb. The District Court stated in substance that the effect of the law was to stamp the defendant’s conduct (the seller of the firearms) as negligence with all the effects of common law negligence. This conclusion was affirmed by the Florida Supreme Court in Tamiami Gun Shop v. Klein, 116 So.2d 421. The facts in this latter case, however, are distinguishable from the case sub judice.
In the case of Bass v. Flowers, 177 So.2d 239 (Fla.App. 1st, 1965) the First District Court was again dealing with F.S. 790.17, F.S.A. In this latter case, two minors, 14 years of age, took a pistol from the home of one of the minors and carried it over to the home of a Mrs. Flowers. The minor Newberry, unloaded the pistol, showed it to Mrs. Flowers, who in turn snapped it a few times to be sure it was unloaded, and who gave it back to the minor and told him to put the gun up, which he did. Later Newberry went back and got the pistol and reloaded it. The decedent Bass asked Newberry to let him see the pistol and grabbed it. Newberry jerked back and the pistol discharged a fatal bullet into the heart of Bass, causing his death. Action was brought by the administrator of the deceased Bass child against Mrs. Flowers and the minor New-berry. A jury verdict was rendered in favor of both defendants. The appellant concedes there was no error in the judgment in favor of the defendant minor, Newberry, but complains that as to Mrs. Flowers, the court erred in not charging the jury concerning Section 790.17, F.S., F.S.A., and in not granting plaintiff’s motion for a directed verdict against Mrs. Flowers. The District Court in its decision on appeal, affirmed the trial court’s refusal to direct a verdict for the plaintiff and affirmed the trial court’s refusal to in *427 struct the jury concerning Section 790.17, F.S., F.S.A.
The reasoning outlined by the Honorable Judge Sturgis in said latter case, was to the effect that said statute was not applicable under facts of such case. That the intent of said statute was to protect minors from resulting damage from dan-, gers they were incapable of conceiving because of their age and lack of experience. The court further pointed out that the statute in question was not applicable to a set of facts such as existed in said case, and therefore the trial court was correct in refusing to instruct the jury with reference thereto. We have examined these cases as well as an exhaustive number of cases in A.L.R., especially 171 A.L.R. 895 and 20 A.L.R.2d 119, and agree that the purpose of the statute in question appears to be two-fold to protect that class-minors — and to prevent injuries resulting from negligence in the handling of these dangerous weapons by irresponsible persons. That the act was not designed to control the conduct of members of the class in protection from themselves.
A full reading of the testimony as appears in the record in the case sub ju-dice, convinces its that the statute had no application to the facts of this cause and the instruction to the jury thereon was error. It might be well to point out that it is impossible for us or any court to determine what, if any effect, this instruction had on the jury inasmuch as there was probably sufficient evidence to support the jury verdict without this instruction, but because we do not know the effect of such instruction, we must affirm the order appealed from granting a new trial.
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.