LEHAN, Judge.
This is a personal injury action against a vendor of alcoholic beverages arising out of an automobile accident. The Arm-strongs, appellants, claim that appellee sold alcoholic beverages (beer) to a minor who consumed the beer and then caused the accident which injured Mrs. Armstrong. This case involves provisions of section 562.-ll(l)(a), Florida Statutes (1981), which read:
It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 19 years of age. .. . Anyone convicted of violation of the provisions hereof shall be guilty of a misdemeanor of the second degree punishable as provided in S. 775.082 or S. 775.083,
and provisions of section 768.125, Florida Statutes (1981), which read:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting *1010 from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age ... may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
The appellants’ complaint alleged a cause of action under only section 562.11(l)(a) and not under section 768.125, although the latter statute was in effect at the time of the accident. The trial court granted appellee’s motion for summary judgment on the authority of Migliore v. Crown Liquors of Broward, Inc., 425 So.2d 20 (Fla. 4th DCA 1982), cert. granted, (No. 63,337, 1983), which held that a vendor who sells alcoholic beverages to a minor in violation of section 562.11 is not liable to third persons injured by the intoxicated minor’s operation of a motor vehicle. See also Barber v. Jensen, 428 So.2d 770 (Fla. 4th DCA 1983), cert. granted (No. 63,598, 1983), in which the Fourth District Court of Appeal certified the question of whether, prior to the effective date of section 768.125, a third party had a cause of action against a person who furnished alcoholic beverages to a minor in violation of section 562.11.
We affirm. By enacting section 768.125, the legislature established the requisites of a cause of action by an injured third person arising out of circumstances which are vio-lative of section 562.11(l)(a). Section 768.-125 requires that the selling or furnishing of the alcoholic beverage must be done “willfully.” In this case there were neither allegations nor proof of a willful sale by appellee of alcoholic beverages to a minor.
Appellants argue that they stated a cause of action under section 562.11(l)(a) by merely alleging a violation of that statute, citing Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967). However, Prevatt was decided before the enactment of section 768.-125.
We certify the following question to the Florida Supreme Court as being of great public importance:
Does a third party have a cause of action against the dispenser of alcoholic beverages for injuries caused by a minor when the alcoholic beverages were furnished in violation of section 562.11(l)(a), Florida Statutes (1981), notwithstanding the enactment of section 768.125, Florida Statutes (1981).
AFFIRMED.
HOBSON, A.C.J., and SCHEB, J., concur.