# PAPAIK v TELLMAN, et al.

### Case No. 83-1078-CA-01-HDH

Twentieth Judicial Circuit, Collier County

August 13, 1985

## APPEARANCES OF COUNSEL

**Theodore Zelman** for Papaik.

**Ronald L. Napier** for Marilyn Tellman.

**Douglas P. Lawless** for Luis Gonzalez.

**Vicki L. Sproat** for Valley Forge Insurance.

**John O. Terry** for Long John Silvers.

**James McNeil** for Kim Penning.

## OPINION OF THE COURT

HUGH D. HAYES, Circuit Judge.

The Defendant, KIM PENNING'S, Motion for Leave to Allege Comparative Negligence Against the Plaintiff, CHRISTIAN PAPAIK, is Granted.

### *FACTS OF CASE*

The pertinent facts of this case are as follows: On or about the 23rd day of April, 1982, the Defendant, MARILYN B. TELLMAN, allowed her daughter, CAROL TELLMAN and the co-defendant, KIM PENNING, a Lely High School friend of Mrs. Tellman's daughter, to hold an eighteenth birthday party for Defendant, PENNING, at the TELLMAN residence.

The basic scenario for the birthday party was to the effect that the girls would obtain beer for a "keg party", even though the legal/statutory drinking age in Florida at this time was nineteen (19) years of age, and the girls were minors. Defendant, PENNING, contributed the monies necessary to purchase the beer and all parties concerned agreed that a two ($2.00) dollar entry fee would be assessed against each individual attending the party in order to help reimburse PENNING for her expenses. Even though Mrs. TELLMAN did not directly participate at this stage, she was made aware of the nature of the party and of the intended use and sale of the alcoholic beverages and she knowingly, willfully and unlawfully participated in the same by allowing the kegs to be placed in the garage of her home and the beer to be distributed to all participants at the party.

There was evidence to the effect that these high school girls photocopied directions and maps showing the location of the house for the party, the nature of the party, the cost for attending the party, and passed these out to many of the Lely High School students. Thus, there was no prohibition against the number, type, or age of the individuals who participated in the birthday party.

The attorneys for the parties stipulated that at about 11:00 P.M. on the 3rd of April, 1982, many of the participants at the party were extremely inebriated and some, including Defendant, PENNING, were, in fact, passed out. At this time, the Plaintiff, CHRISTIAN PAPAIK, was alleged to have been partially passed out on the front lawn of the TELLMAN residence when he was approached by the Defendant, LUIS GONZALEZ. Defendant, GONZALEZ, had been told by some of his friends that Plaintiff, PAPAIK, had been kicking in the doors of GONZALEZ'S girlfriend's car, and GONZALEZ, who was seventeen

**135**

(17) years of age at the time, confronted PAPAIK, who was eighteen (18) years of age at the time, and after a short verbal exchange, GONZALEZ picked up an approximate two (2) foot length of tree limb and outrageously and unmercifully beat PAPAIK about the head and upper torso, resulting in the Plaintiff being injured, the worst part of which was the total destruction of one of the Plaintiff's eyeballs.

The Plaintiff filed suit against all of the parties herein and alleged in one count of the Complaint that Defendant, PENNING, was in violation of Florida Statute 768.125 and 562.11, the pertinent portions of which read as follows:

768.125. *Liability for injury or damage resulting from intoxication.* . . . a person who wilfully and unlawfully sells or furnishes alcoholic beverage to a person who is not of lawful drinking age . . . may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

562.11. *Selling, giving, or serving alcoholic beverages to persons under age nineteen (19) prohibited.* It is unlawful for any person to sell, give, serve or permit to be served alcoholic beverages to a person under nineteen (19) years of age. . .

## *ARE ABSOLUTE/STRICT LIABILITY STATUTES ABSOLUTELY APPLIED TO MINORS? NO.*

Essentially, Florida Statute 768.125 was passed by our Legislature providing the requisites of a cause of action by an injured third person arising out of circumstances which would ordinarily be a violation of Florida Statute 562.11. This was so because even though comparative negligence (and the old contributory negligence) was found to not be available as a defense in a civil action brought by a minor purchaser against the seller, it was available as a defense in a suit brought by a third person against the seller. *Armstrong v. Munford, Inc.*, 439 So.2d 1009 (Fla. 2nd DCA 1983), and *Bass v. Flowers*, 177 So.2d 239 (Fla. 1st DCA 1965). Likewise, there have been basically two prongs or avenues of law derived from these particular types of statutes. One prong, which for sake of discussion, will be called the "Tamiami Gun Shop" cases, cited as *Tamiami Gun Shop v. Klein*, 116 So.2d 421 (Fla. 1959), and the second prong, which for discussion, will be called the "Bass" cases, and is represented by the case of *Bass v. Flowers*, 177 So.2d 239 (Fla. 1st DCA 1965) and *Green v. Evans*, 232 So.2d 424 (Fla. 1st DCA 1970).

It should be noted that even though the *Tamiami* cases historically arose from the Third District Court of Appeal, and, the *Bass* cases

136

historically came out of the First District Court of Appeal, these lines of cases are consistent and uniform, are not contradictory in any manner, and, in fact, appear to have one historically common denominator, to wit: Judge John T. Wigginton. Judge Wigginton was a member of the First District Court of Appeal, and just happened to be sitting as an associate judge on the Third District Court of Appeal in 1959 when he authored the original *Tamiami* case, which was then later approved by the Florida Supreme Court, *and* Judge Wigginton was in 1965 sitting as a member of the First District Court of Appeal in the *Bass* case. It probably can be argued that *Bass* and *Green* are just further extensions and clarifications of the philosophy expressed in *Tamiami*.

## THE TAMIAMI PRONG

The Florida Supreme Court in 1959 basically adopted Judge Wigginton's opinion in the *Tamiami* case. In this case, a gun shop owner had sold a 30/30 Winchester rifle to a 16 year old boy. The boy had stated upon questioning, that he was over the legal age of eighteen (18) and the sale was consummated. Later, the boy was returning from a hunting trip and was negligently holding the barrel of the rifle when it discharged, causing the loss of his thumb. Pursuant to Florida Statute 790.18, which made it unlawful for a dealer in arms to sell such a weapon to a minor, the violation of which was a misdemeanor, the Plaintiff alleged negligence per se, and the gun shop dealer argued the old contributory negligence defense.

The Supreme Court, after thoroughly analyzing the American and English attitudes toward this particular type of proscriptive legislation, pointed out that a majority of the American courts had adopted a rule that the unexcused violation of such a statutory standard was negligence per se, that is, negligence as a matter of law, while on the other hand, a substantial minority of jurisdictions had held this to merely be evidence of negligence to be weighed by the jury. The Court, likewise, concluded that one area where all of the authorities agreed was on the effect of the violation of the statute to the end that the courts usually found a legislative intent to remove the defense of contributory negligence.

Likewise, by comparing these particular types of statutes to that narrow classification of cases involving child labor acts, the Supreme Court found that even though the gun shop owner acted in good faith, there was to be imposed the strict or absolute liability standard because the evident purpose of the statute would be defeated if the employer/seller were permitted to set up the contributory negligence of the child,

**137**

and the Court concluded that the Legislature must have intended that no such defense be available.

There is essentially no argument with this line of cases because they clearly deal with the rights of minors as compared to those of adults, who theoretically have a greater capacity for reason, maturity, and judgment when compared to those same factors of the juvenile minors. These aspects become somewhat less clear when we view the second prong of cases.

## THE BASS/EVANS PRONG

The "absolute" and "strict" application of these particular proscriptive statutes becomes less clear when applied to those cases involving minors. In the case of *Bass v. Flowers,* supra, the facts revealed that the decedent, Bass, age fourteen (14), went to the home of Dennis Newberry, also age fourteen (14), and the two of them there obtained a pistol to play with. The youngsters then went to the house of a Mrs. Flowers, where the gun was unloaded, Mrs. Flowers told them not to play with it and to put it up, and after getting the gun back down, Newberry reloaded the gun and was approached by the decedent Bass who wanted to see the gun and grabbed at it, at which time Newberry jerked back and the weapon discharged a bullet into decedent Bass' heart, causing his death. The administrator of the Bass estate sued alleging a violation of Florida Statute 790.17. However, the Court found that particular statute inapplicable and refused to give this instruction to the jury.

Judge Sturgis, writing for the First District, found no error in this decision and affirmed the lower court. By making this ruling, the Appellate Court basically allowed the adult involved in this case as a co-defendant to use the minor decedent's contributory negligence as a defense and, thus, a bar. There was no issue or question on the appeal that the co-defendant minor (Newberry) could use the defense. Obviously, had the lower court determined that Florida Statute 790.17 did apply, then the contributory negligence defense would at least have been non-applicable to the adult, Flowers, and there would have been a serious question both legally and philosophically as to its application to a fellow fourteen (14) year old minor. By finding the statute inapplicable, the Court stated at page 242:

> . . . This rule derives from the fact that the statute is intended for the protection of a class of persons from a harm which they are not capable of recognizing, and the purpose would be defeated if negligence of a member of the class were permitted to bar him from recovery. *Bass,* supra.

138

Thus, the case was properly submitted to the jury to determine whether Ms. Flowers was negligent in permitting the minor Newberry to have access to the gun, whether Newberry was negligent in the handling of the gun, and whether the decedent, Bass, was contributorily negligent in the premises.

In 1970, Judge Johnson, writing for the First District Court of Appeal in the *Green* case, cited previously as 232 So.2d 424 (Fla. 1st DCA 1970), reviewed the applicable case law existing at that time and found that the lower court trial judge should not have applied Florida Statute 790.17 to a set of circumstances in which a fifteen (15) year old minor, Robert Evans, had sued another fifteen (15) year old minor, Randy Green, when a .410 gauge shot gun, which had been lent by Evans to Green while the boys were hunting, discharged, striking Evans in the leg. Initially, the trial court had determined that Florida Statute 790.17 was applicable and that if the jury so found, that the Plaintiff, Evans, would have violated the statute and would have been guilty of contributory negligence. The jury did so find. On a Motion for a New Trial, the trial judge determined that he had erred in charging the jury on the statute and concluded that the statute had no applicability to the facts of that particular case, and cited *Bass v. Flowers*, supra, as the authority therefore. On appeal, the First District Court of Appeals essentially agreed that the statute was not applicable under the facts of that particular case because the intent of the statute was to protect minors from resulting damage from dangers that they were incapable of conceiving because of their age and lack of experience. The Court, on page 427 of the Opinion, stated:

> . . . agree that the purpose of the statute in question appears to be two-fold, to protect that class-minors- and to prevent injuries resulting from negligence in the handling of these dangerous weapons by irresponsible persons. *That the act was not designed to control the conduct of members of the class in protection from themselves.* *Green*, supra. (emphasis added)

Thus, when this interpretation is applied to the facts of the case presently before the Court, it would literally mean that had the Defendant, PENNING, been injured by a minor, such as PAPAIK or GONZALEZ, at the keg party, Florida Statute 768.125 would not be found applicable to PENNING because the statute would have been interpreted to not be designed to control the conduct of members of the class (PENNING) in protection from herself.

It is the position and opinion of this Court, under the peculiar fact circumstances found in this case, that the foregoing principle or

**139**

interpretation of the First District Court of Appeals must be extended to cover those situations in which the Defendant is not just an alleged violator of the "absolute" or "strict" liability statutes, but is also a *minor* who is alleged to have violated this type of statute. The support and basis for this position is clearly derived from an analysis of not only the *purpose* for which strict liability statutes are passed, but likewise, *against whom* such statutes are intended to be enforced.

## CONCLUSION

From this analysis of the cases involving strict liability and the defenses that can be raised thereto, it would appear that there has been a trend or philosophical gravitation, if not a clear and absolute legal interpretation, that there are some societal and philosophical considerations that must be made in determining the "absolute" or "strict" liability that will be applied to those fact circumstances where a minor is suing a minor. The basis for this reasoning appears to be two-fold: firstly, because of the tenderness of the age of the minor involved, and thus, the undeniable lessening of the capabilities for reasoning, maturity and judgment, and, secondly, because the plaintiff is still allowed to proceed with the trial of his cause, and all of the facts are still properly brought to the attention of the Court or jury without the legislative or societal imposition of an absolute penalty that historically has been directed toward persons who were and did have the capability of knowing the differences between right and wrong because of their age and life experiences—all of which do not necessarily apply to minors of varying ages and mental development. In essence, the law, and its legislative intent is more clearly made applicable to the peculiar facts and circumstances of the case by continuing to protect the individuals within the class (minors), while at the same time not excessively and unrealistically making an adult standard applicable to minors in these types of civil cases. The Plaintiff is still protected and he still has his adequate remedy in tort.

This Court must, therefore, find, under the peculiar facts and circumstances of this case that Florida Statute 768.125 is not applicable to the Defendant, KIM PENNING, and concomitantly, that she is entitled to raise the affirmative defense of comparative negligence against the Plaintiff's cause of action.

Note: (The effect of this ruling may be to put the case on "all fours" with *Bass v. Flowers*, supra, but will have to be dealt with by another Motion at another time.)