DAUKSCH, Judge.
This is an appeal from a judgment in a negligence case where compensatory and punitive damages were awarded.
In order to prove entitlement to punitive damages it is required that the plaintiff establish that the conduct of the defendant was tantamount to willful, intentional and wanton disregard for others. Chrysler Corporation, etc. v. Wolmer, 499 So.2d 823 (Fla.1986); American Cynamid Co. v. Roy, 498 So.2d 859 (Fla.1986). Here, while there was proof that appellant Jac-mar was negligent and should compensate appellee for his injuries, there was insufficient proof to establish that the conduct of appellant justifies the punitive damage award.
Appellee Huston was injured by an underage drunk driver who had consumed beer at Shakey’s Pizza Parlor, owned by Jacmar Pacific Pizza Corporation. The minor had attended a private company party at the pizza parlor. The bartenders at the pizza parlor had been instructed to use their discretion in checking identification of persons who were served alcoholic beverages at private parties.
On the night of the company party, the bartenders were instructed to serve only one man from the private party. The bartender would fill the pitcher of beer and place it on the bar for the man to take back to the tables. The female bartender testified that she only served this man. However, the minor testified that he went to the bar to have a pitcher of beer refilled and the female bartender served him. There was conflicting evidence as to whether the minor appeared to be a juvenile.
The minor was driven from the pizza parlor to a friend’s house. From there, the minor rode his motorcycle home. On the way to his house, the minor collided with Huston’s automobile.
The purposes of punitive damages, to punish the offender and to deter others from similar action, are met only when the defendant’s behavior transcends the level of simple negligence, and even gross negligence, and enters the realm of wanton intentionality, exaggerated recklessness, or such an extreme degree of negligence as to parallel an intentional and reprehensible act. American Cynamid Co. v. Roy, 498 So.2d at 860. The character of negligence necessary to sustain a conviction for manslaughter is the same as that required to sustain a recovery for punitive damages. White Construction Co. v. Dupont, 455 So.2d 1026, 1028 (Fla.1984). Under no view of the evidence does Jac-mar’s conduct reach the willful and wanton level necessary to support the award for punitive damages. The facts simply do not reflect the kind of flagrant misconduct that would justify a finding of intentional disregard for the safety of others.
We affirm the award of compensatory damages, but we reverse the award of punitive damages.
*93 AFFIRMED IN PART; REVERSED IN PART.
UPCHURCH, C.J., and SHARP, J., concur.