ON MOTION FOR REHEARING

PER CURIAM.
We deny Appellant’s motion for rehearing but withdraw our opinion of April 30, 1997, and substitute the following opinion.
Affirmed. Appellant, a patron at Appellee’s Jai Alai Fronton, was injured when an alter *220 cation between two other patrons ended by one of them falling on Appellant, knocking her to the floor. Appellant asserts error in the trial court’s allowing Appellee to add the unidentified non-party tortfeasors to the jury instructions and verdict form.
We recognize that section 768.81, Florida Statutes, governing apportionment of liability, provides that it does not apply “to any action based on an intentional tort.” However, we need not address whether the intentional tort exception applies in this instance, as the jury returned a verdict finding no negligence on the part of Appellee. Therefore, any error in including the additional unknown tortfeasors on the verdict form, which would have allowed an apportionment of fault, is harmless. See E.H.P. Corp. v. Cousin, 654 So.2d 976 (Fla. 2d DCA 1995). Cf. Aetna Cas. and Sur. Co. v. Seacoast Transp. Co., 528 So.2d 480 (Fla. 3d DCA 1988). We therefore do not address whether our opinion in Slawson v. Fast Food Enterprises, 671 So.2d 255 (Fla. 4th DCA), rev. dismissed, 679 So.2d 773 (Fla.1996), would preclude apportionment of fault here had Appellee been found negligent.
We also conclude that the record reflects adequate notice to Appellant that apportionment was an issue notwithstanding that the identity of the tortfeasors were not known.
STONE, C.J., and WARNER and SHAHOOD, JJ., concur.