710 So.2d 184 (1998)
Michelle M. NEWSOME, as Personal Representative of the Estate of Rachelle Mae Aguiar, Appellant,
v.
Max Joseph HAFFNER, Appellee.
No. 97-3490.
District Court of Appeal of Florida, First District.
April 29, 1998.
*185 Samuel Hankin of Hankin & Hankin, Gainesville, for Appellant.
Eric Struble and David A. Cornell of Dell, Graham, Willcox, Barber, Jopling, Schwait, Gershow & Specie, P.A., Gainesville, for Appellee.
ALLEN, Judge.
The appellant challenges a final judgment by which a complaint was dismissed with prejudice, upon a determination that it failed to state a cause of action. We conclude that the complaint should not have been dismissed in its entirety, as a sufficient claim was made for social host liability under a theory of negligence per se, based on an alleged violation of § 856.015, Florida Statutes.
Commonly known as the "open house party" statute, section 856.015 provides, at subsection (2), that:
No adult having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the adult knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the adult fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.
The statute makes a violation of this provision a criminal offense, and is clearly designed to protect minors from the harm that could result from the consumption of alcohol or drugs by those who are too immature to appreciate the potential consequences. The statute is thus similar to the enactment involved in Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963), wherein a cause of action in negligence per se was predicated on a violation of a statute which made it a criminal offense to permit a minor to possess or consume alcoholic beverages on certain licensed premises. Section 856.015 extends such criminal responsibility to a social host at a residence with an open house party. Although *186 a corresponding civil liability was not previously recognized at common law, see Bankston v. Brennan, 507 So.2d 1385 (Fla. 1987), a cause of action in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm. See Davis; Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla.1959), approving Tamiami Gun Shop v. Klein, 109 So.2d 189 (Fla. 3d DCA 1959); Tampa Shipbuilding and Engineering v. Adams, 132 Fla. 419, 181 So. 403 (Fla.1938); J. Ray Arnold Lumber Corp. of Olustee v. Richardson, 105 Fla. 204, 141 So. 133 (1932). By enacting section 856.015, the legislature has therefore imposed a duty of care on social hosts and created a civil cause of action for a statutory violation.
The appellant's complaint contains sufficient allegations to support such a cause of action, even though the harm which ultimately resulted was occasioned by the minor's self-inflicted gunshot wound. The appellee's contention that this was a freakish and improbable chain of events outside the ambit of probable cause does not justify dismissal of the complaint. In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the supreme court acknowledged that the trial court might remove such an issue from the jury if the events are so extraordinary and utterly unpredictable as to be entirely unforeseeable, but the court further cautioned that foreseeability in the proximate cause context depends on the specific and narrow factual details of the case. Because the specific and narrow factual details of the present case are not yet fully revealed, the issue of whether proximate cause may exist as a matter of law should not now be resolved. See, e.g., Coker v. Wal-Mart Stores, Inc., 642 So.2d 774 (Fla. 1st DCA 1994).
The appealed order is reversed as to the dismissal of the claim for social host liability. The order is otherwise affirmed, and the case is remanded.
BARFIELD, C.J., and LAWRENCE, J., concur.