PETERSON, J.,
dissenting.
Teresa Sipes, the personal representative of her deceased son’s estate, appeals an order dismissing her complaint against Albert-son’s, Inc., Star Enterprise (Star), Marriott International, Inc., and others. She alleged in her complaint that her son, a minor who had the appearance, speech and mannerisms of a person under the age of 21 years, purchased alcohol from Albertson’s on July 8, 1995, and from Star and a hotel operated by Marriott, on July 9, 1995. She further alleged that on the evening of July 9, her son, while intoxicated, became involved in an altercation with his step-father which culminated in the stepfather fatally shooting her son. The trial court dismissed the complaint filed on behalf of the deceased, reasoning that the plaintiff was unable to establish legal foreseeability. Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980) and Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978), were cited in support of the dismissal.
I disagree with the trial court’s conclusion that the rationale of the cases cited in support of the dismissal is dispositive of the instant case. In Stanage, beer was purchased by a 13-year-old girl while her two teenage male companions were hiding behind the vendor’s building. The teenagers then drove to a nearby lime pit to camp and consumed the beer. They then decided to hunt for firewood and one of the boys removed a shotgun from their vehicle for protection. When they returned from hunting for firewood, the boy holding the shotgun stumbled because of his unsteadiness after drinking the beer. The gun discharged acci-dently and his male companion was injured.
In Bryant, two underaged and unnamed members of a high school club purchased rum. They purchased it to use in an initiation ceremony in which other minors were required to consume the rum to the point of intoxication. One youth was “caused to fall, jump or dive” and was injured to the extent of suffering permanent paralysis from the neck down.
In both Stanage and Bryant, the courts refused to charge the vendors with notice that a probable consequence of the sale would be the injuries that occurred from the acts of others, acts which the courts deemed to be independent of, and not a foreseeable consequence of, the sale. Although both courts found a lack of legal foreseeability in the circumstances of these cases, it is noteworthy that in both Stanage and Bryant, the injuries that occurred were neither caused by the parties who purchased the alcohol, nor were they sustained by the minors who purchased the alcohol. Cf. Nieves v. Camacho Clothes, Inc., 645 So.2d 507 (Fla. 5th DCA 1994) (jury may reasonably find that minor’s injuries as a passenger of an alleged drunk driver were foreseeable result of minor having been sold alcohol thereby precluding summary judgment in favor of vendors); Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984) (vendor could be liable where purchasing minor was the consuming minor who caused the injury to the third party).
The facts of the instant case are not beyond the range of legal and reasonable foreseeability.[1] Significantly, the facts involve an injury to a minor who, himself, purchased alcohol. See Nieves. Thus, the chain of *440 causation is not disrupted as in Stanage or Bryant by the fact that the minor who purchased the alcohol from the offending vendor was neither injured nor involved directly in the injury of another. Here, it is alleged that the purchaser became intoxicated and participated in an altercation in which he was killed. I do not believe that it is an unpredictable consequence that a sale of alcohol to a minor may result in that minor becoming so dangerously aggressive toward another that a weapon must be used in defense and that the violent altercation would not have ensued but for the minor being intoxicated. If the allegedly intoxicated minor had driven an automobile in such a reckless and aggressive manner as to fatally place himself in the path of another vehicle, there is little doubt that the vendor would have incurred liability. I suggest that neither scenario is an unforeseeable consequence of selling alcohol to a minor.
The death in the instant case is an injury of the type our dram shop statute was intended to prevent. In Bryant v. Jax Liquors, 352 So.2d 542, 544 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978), ironically relied upon by the trial court in dismissing this action, the first district wisely observed:
Section 562.11, Florida Statutes, which makes it a crime to sell intoxicating liquors to a minor, was passed to prevent the harm that can be caused by one of immaturity imbibing such liquors. Violation of the statute by a vendor is negligence per se.
The violation, if any, of the statute in this case may well have been a proximate cause of the decedent’s death, de Jesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla.1973). The plaintiffs action should have proceeded beyond the initial pleading phase. Newsome v. Haffner, 710 So.2d 184, 186 (Fla. 1st DCA 1998) (dismissal of complaint filed under “open house party” statute reversed where injury involved minor’s self-inflicted gunshot wound, and contention that injury was freakish and improbable chain of events outside ambit of probable cause did not justify dismissal of complaint), rev. denied, (Table No. 93,089, 722 So.2d 193, Fla. Sept. 15, 1998).

. Florida Power & Light Co. v. Periera, 705 So.2d 1359, 1361 (Fla.1998) (in negligence action, foreseeability can be relevant both to the element of duty and the element of proximate cause; as to the former it is a legal question of whether the defendant’s conduct foreseeably created a broader zone of risk that poses a general threat of harm to others).