740 So.2d 1201 (1999)
Becky TRAINOR, as Personal Representative of the Estate of Megan Lee Trainor, Appellant,
v.
ESTATE OF David HANSEN, Deceased, and Margaret Hansen, Appellee.
No. 98-01224.
District Court of Appeal of Florida, Second District.
July 23, 1999.
Rehearing Denied September 28, 1999.
James W. Guarnieri of Guarnieri & Martinez, P.A., Brandon, and Michael Finch, St. Petersburg, co-counsel for Appellant.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller, Freeman & Lovell, P.A., St. Petersburg, for Appellee.
FULMER, Judge.
The Estate of Megan Lee Trainor challenges the trial court's final judgment dismissing with prejudice its complaint against Margaret Hansen and the Estate of David Hansen[1] (the Hansens) for failure to state a cause of action. We affirm the dismissal of counts I and III without discussion. We conclude, however, that count II of the complaint should not have been dismissed because it stated a cause of action for social host liability under a theory of negligence per se based on an alleged violation of section 856.015, Florida Statutes (1995). Accordingly, we reverse the *1202 dismissal of that count and remand for further proceedings.
Megan Trainor was killed when an intoxicated minor, who was driving a car in which Trainor was a passenger, lost control and crashed the car. The driver had become intoxicated at a party held by David and Margaret Hansen to celebrate their daughter's sixteenth birthday. In the wrongful death action filed against the Hansens, Megan's mother alleged that David Hansen purchased and set up several kegs of beer outside his home for consumption by his minor guests. Count II of the complaint asserted a negligence per se action based on an alleged violation of section 856.015.[2]
The Hansens moved to dismiss the complaint on the ground that no cause of action exists against a social host whose serving of alcohol to a minor results in injury to others. The trial court granted the Hansens' motion to dismiss with prejudice and entered final judgment in their favor. The order states in relevant part: "As to Count II, the court holds that § 856.015, Florida Statutes, dealing with open house parties, is a criminal statute creating no civil penalty and/or liability, and therefore, Count II must be dismissed with prejudice as well."
At the time the trial court entered its order, it did not have the benefit of Newsome v. Haffner, 710 So.2d 184 (Fla. 1st DCA), review denied, 722 So.2d 193 (Fla. 1998). In Newsome, the First District recognized a civil cause of action for social host liability under a theory of negligence per se based on an alleged violation of section 856.015. The court in Newsome reasoned:
[Section 856.015] is clearly designed to protect minors from the harm that could result from the consumption of alcohol or drugs by those who are too immature to appreciate the potential consequences. The statute is thus similar to the enactment involved in Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963), wherein a cause of action in negligence per se was predicated on a violation of a statute which made it a criminal offense to permit a minor to possess or consume alcoholic beverages on certain licensed premises. Section 856.015 extends such criminal responsibility to a social host at a residence with an open house party. Although a corresponding civil liability was not previously recognized at common law, see Bankston v. Brennan, 507 So.2d 1385 (Fla.1987), a cause of action in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member against a particular type of harm. [Citations omitted]. By enacting section 856.015, the legislature has therefore imposed a duty of care on social hosts and created a civil cause of action for a statutory violation.
Id. at 185-186. We agree with both the reasoning and holding in Newsome.
Because Megan's Estate alleged in count II a legally sufficient claim of negligence per se, we reverse the trial court's dismissal of that count, affirm the dismissal of counts I and III, and remand for further proceedings.
*1203 Reversed, in part, affirmed in part and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.
NOTES
[1] David Hansen predeceased the filing of the complaint.
[2] Section 856.015, the "open house party" statute, provides:

(1)(f) "Open house party" means a social gathering at a residence.
. . .
(2) No adult having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the adult knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the adult fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.
. . .
(4) Any person who violates any of the provisions of subsection (2) is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.