PALMER, J.
 

 Diane Katz Santarelli (defendant) appeals her judgments and sentences which were entered by the trial court on the misdemeanor counts of allowing an open house party
 
 [1]
 
 and contributing to the delinquency of a minor.
 
 [2]
 
 The defendant contends that the trial court erred by denying her pretrial motion to dismiss two felony counts of manslaughter,
 
 [3]
 
 claiming the indictment related thereto was legally defective. She maintains further that, had the court properly dismissed the two felony manslaughter counts, the circuit court would not have possessed jurisdiction over the two remaining misdemeanor counts and, therefore, the judgments and sentences entered on the misdemeanor counts are void. We disagree and affirm.
 

 The State alleged that the defendant hosted an open house party at which minors consumed alcohol and other illegal substances. It was further alleged that at some point during the open house party Jesse Calvin Pitts, a minor, drove from the defendant’s residence in a motor vehicle with Taylor Rea Brennan (also a minor) as his passenger. Pitts subsequently crashed the motor vehicle, which resulted in both his and Brennan’s deaths.
 

 The defendant was initially charged by indictment with two counts of felony manslaughter, four counts of allowing an open house party, and one count of contributing
 
 *1213
 
 to the delinquency of several minors. The two manslaughter counts alleged that the defendant, through her violation of section 856.015 of the Florida Statutes (2008) (Florida’s open house party statute) and her culpably negligent and intentional acts, caused the deaths of Pitts and Brennan. The culpably negligent and intentional acts alleged in the indictment included allowing/providing/encouraging the consumption of alcohol and/or controlled substances and allowing or failing to prevent Pitts from operating a motor vehicle that resulted in both victims’ deaths.
 

 The defendant filed a pretrial motion to dismiss the manslaughter counts maintaining that her alleged violation of section 856.015 could not amount to culpable negligence. The defendant also argued that Pitts’ decision to operate a motor vehicle while intoxicated, and Brennan’s decision to be a passenger in the motor vehicle driven by Pitts, were superseding events eliminating the necessary causation elements for the manslaughter charges. The trial court denied the motion.
 

 The defendant proceeded to trial on an amended information which charged her with one misdemeanor count of allowing an open house party, two felony counts of manslaughter, and one misdemeanor count of contributing to the delinquency of a minor. She was found not guilty on both counts of manslaughter, but guilty on the two misdemeanor counts.
 

 The only issue on appeal is whether the trial court erred by denying the defendant’s motion to dismiss the manslaughter counts. A motion to dismiss should only be granted when the most favorable construction of the charging document to the State would not establish a
 
 'prima facie
 
 case of guilt.
 
 State v. Lebron,
 
 954 So.2d 52, 54 (Fla. 5th DCA 2007). Whether the trial court erred by denying the defendant’s motion to dismiss is a question of law and, therefore, is subject to
 
 de novo
 
 review.
 
 See State v. Williams,
 
 918 So.2d 400, 401 (Fla. 2d DCA 2006) (citing
 
 State v. Pasko,
 
 815 So.2d 680 (Fla. 2d DCA),
 
 rev. denied,
 
 885 So.2d 268 (Fla.2002)).
 

 The defendant maintains that the only allegations of culpable negligence supporting the manslaughter counts were the allegations that she had violated section 856.015
 
 [4]
 
 and that a violation of section 856.015 cannot legally constitute culpable negligence. The defendant contends that a violation of section 856.015 constitutes only simple negligence because, in a civil prosecution under section 856.015, a defendant cannot be sued for punitive damages.
 
 See Smith v. State,
 
 65 So.2d 308, 305 (Fla.1953) (stating that “the degree of negligence to sustain imposition of imprisonment should at least be as high as that required for imposition of punitive damages in a civil action.”) (quoting
 
 Cannon v. State,
 
 91 Fla. 214, 107 So. 360 (1926)). The defendant also contends that the trial court erred in denying her motion to dismiss because the causation alleged by the State in the charging document was insufficient to support the charge of manslaughter.- Specifically, she argues that the proximate cause of the victims’ death was Pitts’
 
 *1214
 
 operation of a motor vehicle and, therefore, the deaths would not have occurred but for Pitts’ decision to drive. The defendant points out that, under the common law, one injured by an intoxicated individual had no cause of action against the provider of the liquor because it was the act of consumption, not the act of providing liquor, which was the proximate cause of the harm suffered by a third party. To support this argument the defendant relies on
 
 United Services Automobile Association v. Butler,
 
 359 So.2d 498, 499 (Fla. 4th DCA 1978) (holding that section 562.11 of the Florida Statutes (1973)
 
 [5]
 
 does not create a cause of action against a social host for injuries sustained by an individual injured due to the host’s providing of alcoholic beverages to a minor). In a related claim, the defendant maintains that the trial court erred in denying her motion to dismiss because a social host does not have a duty to prevent an intoxicated person from operating a motor vehicle and, therefore, the manslaughter counts did not adequately allege conduct of a gross and flagrant character evincing reckless disregard of human life.
 

 We reject all of the defendant’s arguments and hold that the trial court properly denied the defendant’s motion to dismiss. In denying the defendant’s motion to dismiss, the trial court relied on
 
 Commonwealth v. McCloskey,
 
 835 A.2d 801 (Pa.Super.Ct.2003),
 
 appeal denied,
 
 577 Pa. 713, 847 A.2d 1281 (2004). In
 
 McCloskey,
 
 the Superior Court of Pennsylvania upheld the defendant’s conviction for involuntary manslaughter of three teens killed in a car accident following a party based upon the defendant’s culpable conduct, which included knowing that the teens were consuming alcohol, interacting with the teens as they drank, and allowing the illegal and unlawful activity of the teens late into the night. The Superior Court specifically held that McCloskey was culpably negligent and that the Commonwealth presented sufficient evidence of causation. We agree with the trial court that
 
 McCloskey
 
 is legally persuasive because the cases are factually analogous and the manslaughter statutes of Florida and Pennsylvania share similar elements. As the trial court explained:
 

 Similar to the defendant in
 
 McCloskey,
 
 it is alleged that the Defendant in this case set in motion a chain of events resulting in death to the victims. It is alleged that the Defendant allowed and/or provided and/or encouraged the victims, both under the age of 21, to consume alcoholic beverages and/or controlled substances to the extent their normal faculties were impaired and did not prevent the victim, Jessy Calvin Pitts, from operating a motor vehicle in said impaired state. Such result was foreseeable as a direct result of the Defendant’s alleged conduct, and it would not be unfair or unjust to hold the Defendant criminally responsible for the
 
 *1215
 
 prohibited result. Such alleged action is sufficient to establish causation.
 

 The defendant’s reliance on
 
 United Services Automobile Association v. Butler
 
 for her argument that Pitts’ act of drinking alcohol and his subsequent operation of a motor vehicle, as opposed to her providing the alcohol, were the proximate causes of the victims’ deaths is without merit. While it is true that, under the common law, a dispenser of alcohol was not liable to a third party for the injuries inflicted by an intoxicated person, the Florida legislature extended criminal liability to a social host through the enactment of section 856.015 of the Florida Statutes.
 
 Newsome v. Haffner,
 
 710 So.2d 184, 185-86 (Fla. 1st DCA 1998) (noting that the statute is clearly designed to protect minors from the harm that could result from the consumption of alcohol or drugs by those who are too immature to appreciate the potential consequences).
 

 The defendant’s argument that she was entitled to a dismissal since section 856.015 cannot support a charge of manslaughter because serving alcohol to a minor is not sufficiently willful or wanton to support an award of punitive damages relies on the case of
 
 Jacmar Pacific Pizza Corp. v. Huston,
 
 502 So.2d 91 (Fla. 5th DCA 1987). However, that case predated the passage of section 856.015, which defines the conduct alleged in this case to be criminal conduct. In addition, the instant manslaughter counts were based upon the defendant’s intentional and culpably negligent acts in addition to the defendant’s violation of section 856.015. Therefore, even if section 856.015 could not support the manslaughter charges, the defendant could still be guilty of manslaughter based upon the other negligent and intentional acts alleged.
 

 The trial court did not err by denying the defendant’s pretrial motion to dismiss the two manslaughter counts and, therefore, the defendant’s judgments and sentences on the misdemeanor counts are affirmed.
 

 AFFIRMED.
 

 EYANDER and COHEN, JJ„ concur.
 

 [1]
 

 .
 
 See
 
 § 856.015, Fla. Stat. (2008).
 

 [2]
 

 .
 
 See
 
 § 827.04(l)(a), Fla. Stat. (2008).
 

 [3]
 

 .See
 
 § 782.07(1), Fla. Stat. (2008).
 

 [4]
 

 . Section 856.015 of the Florida Statutes (2008) provides:
 

 856.015. Open house parties
 

 [[Image here]]
 

 (2) No person having control of any residence shall allow an open house party to take place at said residence if any alcoholic beverage or drug is possessed or consumed at said residence by any minor where the person knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at said residence and where the person fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.
 

 [5]
 

 . Section 562.11 of the Florida Statutes (1973) provides, in pertinent part:
 

 562.11. Selling, giving, or serving alcoholic beverages to person under age 21; providing a proper name; misrepresenting or misstating age or age of another to induce licensee to serve alcoholic beverages to person under 21; penalties
 

 [[Image here]]
 

 (1) It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to persons under twenty-one years of age or to permit a person under twenty-one years of age to consume said beverages on the licensed premises. Anyone convicted of violation of the provisions hereof shall be guilty of a misdemeanor of the second degree, punishable as provided ins 775.082 ors 775.083.