RAY, J.
Katharine Newborn appeals from a final order denying her motion for attorneys’ fees under section 709.08(11), Florida Statutes (2010). This statute grants such an award to the prevailing party in “any judicial action under this section.” Before us, the dispositive question is whether section 709.08 contemplates the judicial action at issue, a civil conspiracy to violate an attorney-in-fact’s duties under section 709.08. Because this claim constitutes a judicial action under section 709.08 and Ms. Newborn’s status as the prevailing party was undisputed below, we reverse.
The complaint asserted four counts against the appellee, Tina West Isbell as the Trustee of the Paul West Trust (“Trustee”). Only one count, alleging a civil conspiracy to violate section 709.08(7)(b)5, is the subject of Ms. Newborn’s properly raised arguments before this Court. In the pertinent count, Ms. Newborn alleged that Paul West’s attorney-in-fact committed an act that contravened section 709.08(7)(b)5 and that Ms. Isbell, both individually and as the Trustee, participated in that act to the extent required to constitute a civil conspiracy. Ms. Newborn reached a settlement with both the attorney-in-fact and Ms. Isbell in her individual capacity while the counts against the Trustee remained pending.
Later, Ms. Newborn and the Trustee stipulated to entry of a judgment against the Trustee for the conspiracy count. The stipulation left the issue of attorneys’ fees unresolved, providing that “all claims and defenses related to entitlement and amount of any attorneys’ fee claim under Fla. Stat. 708.09 [sic] ... are preserved and shall be treated as if the case proceeded to trial and verdict with the attached judgment being entered as a result.”
After entry of the judgment, Ms. Newborn filed the anticipated motion for attorneys’ fees. In relevant part, she argued that she was the prevailing party in this action and, as a result, was entitled to an award of fees under section 709.08(11). After entertaining arguments concerning the statute’s applicability to the action, the trial court denied the motion. The court did not elaborate on the basis for the denial but had previously opined that a fee award under section 709.08(11) is “limited *18 only to the agent who holds the power of attorney, and does not apply to one who is acting in agreement or in concert with the agent.”
A statute’s applicability to a cause of action is an issue of law, to be reviewed de novo. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 366 (Fla.2013). The proper determination of a statute’s meaning begins with the plain language of the statute, which is the best evidence of legislative intent. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982). The determination also ends there when, as here, the language is unambiguous. See Fla. Dep’t of Bus. & Prof'l Regulation v. Inv. Corp. of Palm Beach, 747 So.2d 374, 382 (Fla.1999) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)).
Section 709.08(11) provides a broad right to attorneys’ fees in power-of-attorney litigation as follows:
In any judicial action under this section, including, but not limited to, the unreasonable refusal of a third party to allow an attorney in fact to act pursuant to the power, and challenges to the proper exercise of authority by the attorney in fact, the prevailing party is entitled to damages and costs, including reasonable attorney’s fees.
(Emphasis added.) As the introductory language in this subsection indicates, as long as the cause of action arises under section 709.08, the prevailing party in that action is entitled to an award of fees. Nothing in section 709.08(11) dictates that the party who may recover or be required to pay fees is limited to the attorney-in-fact or one who sues the attorney-in-fact. The statute specifically contemplates, for example, an award of attorneys’ fees in an action concerning “the unreasonable refusal of a third party to allow an attorney in fact to act pursuant to the power,” without requiring that the attorney-in-fact be a party to such an action. Under the broad language of this statute, the question of entitlement to prevailing-party fees does not depend on the legal status of the party against whom fees are sought, but whether the cause of action arises “under this section.”
The cause of action at issue here is.a conspiracy to misuse a power of attorney in contravention of section 709.08(7)(b)5. Conspiracy is defined as “a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose by unlawful means.” Nicholson v. Kellin, 481 So.2d 931, 935 (Fla. 5th DCA 1985) (citations omitted). “The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff.” Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949, 950 (Fla. 3d DCA 1984); see also Fla. Fern Growers Ass’n, Inc. v. Concerned Citizens of Putman County, 616 So.2d 562, 565 (Fla. 5th DCA 1993) (“An actionable conspiracy requires an actionable underlying tort or wrong.”).
The civil wrong underlying the conspiracy count, as framed by the complaint and established by the stipulation, was the misuse of the power of attorney. Even though the Trustee did not hold the power of attorney, the complaint alleged that the Trustee was responsible, along with the attorney-in-fact, for the attorney-in-fact’s improper exercise of the power. The Trustee admitted that responsibility by agreeing to the stipulated judgment against her. Therefore, the action was not only “any judicial action under” section 709.08, but also fell within one of the specific examples listed in the statute: a *19 “challenget ] to the proper exercise of authority by the attorney in fact.”
The Trustee • improperly attempts to go behind the stipulated judgment and argue that she could not have been liable under section 709.08 because she did not become the Trustee until after the relevant acts took place. But the judgment was entered in Ms. Newborn’s favor on the conspiracy count and the stipulation specifically provided that the judgment was to be treated as though the case had gone to trial and a verdict had been rendered. Therefore, the theory of the complaint governs. The complaint’s theory was that the Trustee and others conspired to, and did, effectuate a violation of the attorney-in-fact’s duties under section 709.08. Consequently, the stipulation establishes the Trustee’s liability for the conspiracy and the applicability of section 709.08(11) to this cause of action.
As an alternative to challenging the applicability of section 709.08(11) to a conspiracy claim, the Trustee argues that there was no true prevailing party in this case because, before the parties to this appeal reached their agreement, Ms. Newborn recovered from the other defendants the majority of what she had sought in this action. In light of this fact, and in spite of the language indicating that the judgment is to be treated as the equivalent of one reached through a trial, the Trustee claims that the stipulation was a matter of judicial economy rather than a statement about the merits of the complaint. The trial court did not reach this issue because Ms. Newborn’s status as the prevailing party was not disputed. Instead, the parties presented the issue to the trial court strictly as a question of whether the statute applies to allow an award of fees against a co-conspirator with an attorney-in-fact, presupposing Ms. Newborn as the prevailing party to the conspiracy count. Having- conceded the prevailing-party issue before the trial court, the Trustee will not be permitted a second bite at the apple. Cf. Complete Interiors, Inc. v. Behan, 558 So.2d 48, 53 n. 4 (Fla. 5th DCA 1990) (noting that an appellee who fails to introduce evidence to prove an issue before the trial court is not entitled to an opportunity to do so once the appellate court reverses due to the evidentiary insufficiency).
For the foregoing reasons, we reverse the order denying fees and remand the case for a determination of the amount to be awarded.
MARSTILLER and SWANSON, JJ., concur.