# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-3011
_____

JENNA STRICKLIN,

    Appellant,

    v.

BYRON ALLEN,

    Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
J. Scott Duncan, Judge.

February 5, 2025


BILBREY, J.

The case concerns the interaction between the open house party statute, section 856.015, Florida Statutes (2018), and the alcohol or drug defense statute, section 768.36, Florida Statutes.[1] Appellant Jenna Stricklin claims the trial court erred when it gave a jury instruction on the alcohol defense statute in a suit alleging negligence per se based on a violation of the open house party statute. Guided by the plain language of the alcohol defense statute, as well as various cases, we find no error in giving a jury

_____

[1] Further references to section 768.36 in this opinion omit drugs since no drugs were alleged to have contributed to the incident at issue.

instruction on the alcohol defense statute and affirm as explained below. We also affirm the denial of Stricklin's motion for new trial without further comment.

Stricklin was seriously injured when the all-terrain vehicle she was driving crashed into a tree on Byron Allen's property. Stricklin was under 21 and had been drinking alcohol. Stricklin alleged that Allen had allowed an open house party at his residence before the crash, while Allen denied the allegations. Although Stricklin filed a three-count complaint against Allen, the case proceeded to trial only on the count alleging negligence per se based on violation of the open house party statute.

At trial, Stricklin testified that during a social gathering with others at Allen's house, she drank vodka that she had purchased with a fake id. She testified that she also drank Allen's vodka from his liquor cabinet with his implied permission. Stricklin testified that a bottle of vodka was sitting out in Allen's kitchen, and Allen knew that she was drinking. After drinking, she drove the ATV and crashed. Stricklin offered other witnesses to corroborate her testimony. Allen testified that the social gathering occurred with his permission but denied providing alcohol or allowing Stricklin or any other underage guests to consume alcohol at his residence. Allen also offered other witnesses to corroborate his testimony that he did not permit an open house party.

Following the close of evidence, over Stricklin's objection, the trial court gave a jury instruction on the alcohol defense as requested by Allen. The court told the jury, "BYRON ALLEN denies that claim and also claims that JENNA STRICKLIN was intoxicated such that her normal faculties were impaired and as a result of the influence of such alcoholic beverage, was JENNA STRICKLIN more than 50% at fault for her own harm."

The jury was supplied with a special verdict form that first asked, "Did BYRON ALLEN violate Florida Statute § 856.015?" The jury checked "NO." The verdict form then instructed the jury, "If your answer to question 1 is NO, your verdict is for Defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom."

2

The verdict form then had questions about the alcohol defense, asking, "At the time of the accident, was JENNA STRICKLIN intoxicated to the extent that her normal faculties were impaired?" The verdict form also asked, "As a result of the influence of such alcoholic beverage, was JENNA STRICKLIN more than 50% at fault for her own harm?" Since the jury answered "NO" on the first question, the jury did not answer these questions or the later questions about Stricklin's damages.

After the trial court denied Stricklin's motion for a new trial, it entered a final judgment in accordance with the jury verdict, also awarding attorney's fees and court costs to Allen. Stricklin then brought this appeal.

Whether a statute applies to a cause of action is a pure question of law, reviewed de novo. *Newborn v. Isbell*, 165 So. 3d 16, 18 (Fla. 1st DCA 2015). A trial court's interpretation of a statute is reviewed de novo. *State Farm Mut. Auto. Ins. v. Williams*, 943 So. 2d 997, 1000 (Fla. 1st DCA 2006). "We review a trial court's decision to give or withhold a jury instruction for abuse of discretion." *Subaqueous Servs., Inc. v. Corbin*, 25 So. 3d 1260, 1266 (Fla. 1st DCA 2010). "The trial court's decision to give a particular instruction will not be reversed 'unless the error complained of resulted in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury.'" *Morton Roofing, Inc. v. Prather*, 864 So. 2d 64, 68 (Fla. 5th DCA 2003) (citations omitted).

Section 856.015(2) states,

A person having control of any residence may not allow an open house party to take place at the residence if any alcoholic beverage or drug is possessed or consumed at the residence by any minor where the person knows that an alcoholic beverage or drug is in the possession of or being consumed by a minor at the residence and where the person fails to take reasonable steps to prevent the possession or consumption of the alcoholic beverage or drug.

Section 856.015, prohibiting open house parties, is a criminal statute. *See* § 856.015(4)–(5). In *Newsome v. Haffner*, 710 So. 2d

3

184, 186 (Fla. 1st DCA 1998), we recognized that "a cause of action in negligence per se is created when a penal statute is designed to protect a class of persons, of which the plaintiff is a member, against a particular type of harm." We then stated, "By enacting section 856.015, the legislature has therefore imposed a duty of care on social hosts and created a civil cause of action for a statutory violation." *Newsome*, 710 So. 2d at 186.

The alcohol defense statute in section 768.36(2) states,

> In any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured:
>
> (a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and
>
> (b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm.

As the Florida Supreme Court has instructed, "where a statute is free from ambiguity, we must follow its plain meaning." *State Farm Mut. Auto. Ins. v. Nichols*, 932 So, 2d 1067, 1073 (Fla. 2006). So when section 786.36(2) states that it applies, "[i]n any civil action," no limitation is present, regardless of the plaintiff involved.[2] *See, e.g.*, *Nichols*, 932 So. 2d at 1072–73 (discussing the plain meaning of "any civil action for damages" in the PIP statute).

---

[2] While it might make sense for the alcohol defense statute to contain an exception for underage drinkers, "where no exemption from the provisions of a statute exist, the court is powerless to create [such an exception]." *Verizon Commc'n Inc. v. Fla. Dep't of Revenue*, 386 So. 3d 599, 602 (Fla. 2024) (alteration in original) (quoting *State ex rel. Victor Chem. Works v. Gay*, 74 So. 2d 560, 563 (Fla. 1954)).

By its plain meaning, the alcohol defense statute applies to underage drinkers in a negligence per se action. *See Archbishop Coleman F. Carroll High Sch., Inc. v. Maynoldi*, 30 So. 3d 533, 544–45 (Fla. 3d DCA 2010).[3]

In *Main Street Entertainment, Inc. v. Faircloth*, 342 So. 3d 232, 238 (Fla. 1st DCA 2022), *approved in part*, 392 So. 3d 1042 (Fla. 2024), we stated that the trial court erred in refusing to allow a defendant to assert an alcohol defense in a negligence action brought by an underage drinker's guardian under the dram-shop exception statute. *See* § 768.125, Fla. Stat. (providing that a person who "sells or furnishes alcoholic beverages" to an underage person "may become liable for injury or damage caused by or resulting from the intoxication" of the person).[4] There, we held

---

[3] Apportionment of fault under the comparative fault statute does not apply to intentional torts. § 768.81(4), Fla. Stat. But the alcohol defense statute does not contain this limitation. Since the only count tried alleged negligence per se, we do not address whether the result would be different if an intentional tort had been involved. *See Main St. Ent., Inc. v. Faircloth*, 342 So. 3d 232, 238 (Fla. 1st DCA 2022), *approved in part*, 392 So. 3d 1042 (Fla. 2024) (declining to decide "whether the alcohol defense applies to intentional torts" since only a negligence action was involved).

[4] The dram-shop exception statute involved in *Main Street Entertainment* differs from the open house party statute at issue here, but this distinction is immaterial as to the application of the alcohol defense in this negligence case. The dram-shop exception statute creates derivative liability. *See Main St. Ent.*, 342 So. 3d at 236. "In cases of derivative liability '(1) there is no cause of action unless the directly liable tortfeasor commits a tort and (2) the derivatively liable party is liable for *all* of the harm that such tortfeasor has caused.'" *Id.* at 237 (quoting *Grobman v. Posey*, 863 So. 2d 1230, 1236 (Fla. 4th DCA 2003)). A violation of the open house party statute can allow for derivative liability for a tort committed by the underage drinker, *see Trainor v. Estate of Hansen*, 740 So. 2d 1201 (Fla. 2d DCA 1999), or for a direct negligence claim arising from injury to the underage drinker. *See Newsome*, 710 So. 2d at 186 (explaining that the open house party

5

that the dram-shop exception created a cause of action sounding in negligence, not an intentional tort. *Main St. Ent.*, 342 So. 3d at 237.[5] Even though the alcohol defense statute applied in a different manner to the derivative negligence involved in *Main Street Entertainment*, it was appropriate for the jury to consider the alcohol defense since the action sounded in negligence. *Id.* at 237–38. Our reasoning in *Main Street Entertainment* on the application of the alcohol defense statute to a negligence cause of action likewise applies here.

Finally, the jury found that Allen did not violate the open house party statute. Even had the trial court erred in allowing the jury to consider Stricklin's fault, apportionment of fault is harmless where a jury finds no negligence by the defendant. *See Hasburgh v. WJA Realty*, 697 So. 2d 219 (Fla. 4th DCA 1997); *Kinya v. Lifter, Inc.*, 489 So. 2d 92 (Fla. 3d DCA 1986).

AFFIRMED.

RAY and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Robert L. Parks and Gabriel Garay of Garay Law, Coral Gables, for Appellant.

———————————

statute "is clearly designed to protect minors from the harm that could result from the consumption of alcohol or drugs").

[5] The Florida Supreme Court affirmed this holding in *Faircloth v. Main Street Entertainment, Inc.*, 392 So. 3d 1042 (Fla. 2024). The Court did not address our holding that the alcohol defense applied to an underage drinker in a negligence action. *Id.* at 1048.

6

William D. Anderson and Mark J. Upton of Daniell, Upton, Anderson, Law & Busby, P.C., Daphne, AL, for Appellee.